UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 4:19CR40018 SOH |
| | ) | |
| LONNIE JOSEPH PARKER | ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CHANGE VENUE**

The United States of America, by David Clay Fowlkes, First Assistant United States Attorney for the Western District of Arkansas, and Special Assistant United States Attorney Anne E. Gardner, submits the following response in opposition to defendant's motion to change venue to Hot Springs Division (*Doc. No. 35*).

**I.   BACKGROUND**

On October 4, 2019, the Grand Jury for the Western District of Arkansas charged the defendant with nine counts of distribution of a controlled substance without an effective prescription. Trial is scheduled to start on January 19, 2021, in Texarkana, Arkansas (the Texarkana Division). On September 10, 2020, the defendant filed a motion pursuant to Rule 18 of the Federal Rules of Criminal Procedure requesting that the trial be moved to the Hot Springs Division. *Doc. No. 35*. The United States opposes the defendant's request.

**II.   DISCUSSION**

Whether to move the trial is a decision left to the discretion of the Court; there is no constitutional or statutory right to a trial within a certain division of a judicial district. *United States v. Stanko*, 528 F.3d 581, 584 (8th Cir. 2008). Similarly, the Federal Rules of Criminal Procedure do not mandate that trial occur in a certain division. *See* Fed. R. Crim. P. 18. As noted by the commentary explaining its historical amendments, Rule 18 was amended in 1966 to eliminate the

requirement that the prosecution be in a division in which the offense was committed, vesting discretion in the court to fix the place of trial at any place within the district. *See* Fed. R. Crim. P. 18. Accordingly, so long as the trial takes place within the district in which the offense took place, no error occurs. *United States v. Young*, 618 F.2d 1281, 1288 (8th Cir. 1980); *United States v. Gould*, 508 F.Supp.2d 896, 902 (D.N.M. 2007) (recognizing that Rule 18 is consistent with Congress' elimination of divisional venue in criminal cases).

While this Court is required to consider appropriate factors when making its decision, the Court is granted broad discretion to decide the appropriate weight of those factors. *See Stanko*, 528 F.3d at 584 ("A district judge has broad discretion in determining where within a district a trial will be held, and to overturn the court's decision the defendant must prove abuse of that discretion or prejudice.") (quoting *United States v. Davis*, 785 F.2d 610, 616 (8th Cir. 1986)). "Pursuant to Federal Rule of Criminal Procedure 18, the district court 'must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.'" *United State v. Worthey*, 716 F.3d 1107, 1112 (8th Cir. 2013).

In this case, the defendant seeks to transfer the trial to the Hot Springs Division on the grounds of prejudice, as well as under Rule 18. Rule 21(a) of the Federal Rules of Criminal Procedure provides for transfer of venue for trial between districts for prejudice. Although the defendant seeks a transfer of division, rather than district, the Eighth Circuit's analysis of prejudice through media coverage under Rule 21(a) is instructive. *See United States v. Wendelsdorf*, 2005WL1258897 (N.D. Iowa, May 27, 2005).

Rule 21(a) reads as follows:

(a) **For Prejudice**. Upon the defendant's motion, the court must transfer the proceeding against the defendant to another district if the court is satisfied that so great a prejudice

2

against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

When a change of venue is requested due to pretrial publicity, the challenge is determined in a two-tiered analysis: first, whether the pretrial publicity was "so extensive and corrupting" that there is a presumed "unfairness of constitutional magnitude," and second, whether there is actual prejudice within the jury. *See United States v. Nelson*, 347 F.3d 701, 707 (8th Cir. 2003) (citing, *United States v. Blom*, 242 F.3d 799, 803 (8th Cir. 2001)). The Eighth Circuit explained in *Nelson* that, "'the presumption of inherent prejudice is reserved for rare and extreme cases' and that a defendant 'must satisfy a high threshold of proof in order to prove inherent prejudice.'" *Nelson* at 707-08.

In the present case, the first tier of analysis is applicable, because the defendant relies solely on pretrial publicity as a basis for his motion. *See United States v. Johnson*, 354 F.Supp.2d 939, 987 (N.D. Iowa 2005). The defendant has not cited specific evidence of prejudicial publicity and has asked for a hearing at which to provide such evidence. The United States submits that although there may have been initial news articles following the October 2019 indictment and the continuation of the trial date in February 2020 and August 2020, there has been no pervasive and detailed coverage of the defendant or the defendant's case in the media. Further, the criminal acts charged in the indictment are from 2018. In *Nelson*, the court explained that, "[g]enerally, we have concluded that there should be no presumption of inherent unfairness where there has been a substantial delay between the criminal act and the trial." *Nelson* at 709 (citing, *United States v. Allee*, 299 F.3d 996, 1000 (8th Cir. 2002) (concluding that a one-year time span between the original press account of the crime and the trial eliminated the risk of presumed prejudice)). The Eighth Circuit has found that a two-year delay, an eleven-month delay, and a seven-month delay between the criminal act and trial is sufficient to eliminate presumed prejudice. *See Pruett v.*

*Norris,* 153 F.3d 579, 586 (8th Cir. 1998); *Snell v. Lockhart*, 14 F.3d 1289, 1294 (8th Cir. 1994); *Simmons v. Lockhart*, 814 F.2d 504, 510 (8th Cir. 1987) (concluding that a seven-month lag between event and trial "may be long enough to allow the initial heat and hostility to dissipate, particularly when the local press had not kept the story in the forefront of public attention."). The Eighth Circuit explained in *Allee* that "the mere existence of press coverage, [], is not sufficient to create a presumption of inherent prejudice," . . . "to create a presumption, the coverage must be inflammatory and accusatory." *Allee*, 299 F.3d at 1000; *see also Blom*, 242 F.3d at 804 (whether the coverage was extensive, inflammatory or accusatory); *Pruett*, 153 F.3d at 585 (explaining objective and unemotional reporting does not support inherent prejudice).

The United States submits that the media coverage of the defendant's case in the Texarkana area is not the pervasive and inflammatory coverage that gives rise to a presumption of inherent prejudice. In addition, there are steps the court can take in voir dire to assure the selection of an unbiased jury, including summoning a larger jury pool, expanding the area from which jurors are drawn, and increasing the parties' preemptory strikes. *See Blom*, 242 F.3d at 804.

WHEREFORE, because the press coverage in the defendant's case does not meet the threshold of inherent prejudice, United States requests that the defendant's motion be denied.

DAVID CLAY FOWLKES
FIRST ASSISTANT UNITED STATES ATTORNEY

By:

ANNE E. GARDNER
Special Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
Anne.Gardner2@usdoj.gov
