IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                          4:19CR40018 SOH

LONNIE JOSEPH PARKER                                          DEFENDANT

MOTION TO MODIFY CONDITIONS OF RELEASE

Comes Lonnie Joseph Parker, through his attorneys, John Wesley Hall Jr. and Jeff Rosenzweig, and for his Motion to Modify Conditions of Release states:

1. Parker is a licensed physician. Although he had a valid Arkansas physician license, the current terms of his release in this case prohibit his practice of medicine. The indictment against him alleges misconduct in the prescription of controlled substances to his patients. Parker's defense is that he prescribed medications in the proper course of medical practice and in good faith, indeed weaning some of his patients off the higher doses which other physicians had prescribed.

2. In preparation of his defense, Parker has determined that he needs access to the Prescription Monitoring Program (PMP) established by Ark. Code Ann. §20-7-601 et seq. This program is administered by the Arkansas Department of Health. Licensed physicians may access the program. Although he believes he has a right

1

to access the material thereon as a licensed physician, out of an abundance of caution Parker sought approval from the Department of Health and has disclosed both his status and the reason he seeks access to the PMP. The Department of Health takes the position that it cannot authorize Parker to access the PMP under his current terms of release prohibiting him from practicing medicine although he remains licensed.

    3. Access to the PMP materials will assist in enforcing Parker's constitutional right to access to exculpatory evidence through both due process and compulsory process guarantees. *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920 (1967); In *United States v. Valenzuela-Bernal,* 458 U.S. 858, 102 S.Ct. 3440 (1982), the Court recognized a right of access to exculpatory evidence. The defendant lost in that case because he did not identify what the witnesses would have said. In this case, the PMP records will contain independent evidence of the prescription histories of the witnesses and other patients, and thus will corroborate Parker's defense. Moreover, in a pretrial setting relevance and materiality is broader than in a post-conviction setting.

    4. Therefore, Parker seeks an order of the Court modifying his conditions of release to state that Parker's access to the Prescription Monitoring Program is not prohibited by the conditions of his release.

WHEREFORE, Parker prays that the Court modify the conditions of release as set forth in this motion.

          LONNIE JOSEPH PARKER

          JEFF ROSENZWEIG
          Ark. Bar No. 77115
          300 Spring St., Suite 310
          Little Rock, AR 72201
          (501) 372-5247
          (501) 376-0770 (fax)
          jrosenzweig@att.net

          JOHN WESLEY HALL
          Ark. Bar No. 73047
          1202 Main Street; Suite 210
          Little Rock, Arkansas 72202-5057
          (501) 371-9131 / fax (501) 378-0888
          ForHall@aol.com

          *Attorneys for Defendant*