IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 4:19-cr-040018

LONNIE JOSEPH PARKER                                         DEFENDANT

## CRIMINAL CONTEMPT ORDER

Before the Court for consideration is the conduct of Traci Foreman and Blair Thomas. Both are former investigators of Defendant, Lonnie Joseph Parker. The conduct of Foreman and Thomas are before the Court as a result of their employment as investigators for Defendant. Defendant's counsel filed three sealed motions[1] regarding the investigation and these motions were referred[2] to the undersigned. Pursuant to the provisions of 28 U.S.C. § 636(e), this Court enters the following criminal contempt order.

**A.  Background:**

On October 4, 2019, Lonnie Joseph Parker ("Parker") was indicted under 21 U.S.C. § 841(a)(1) and (b)(1)(C) on nine counts for distribution of a controlled substance. ECF No. 1. The Court appointed Alex Wynn as Parker's counsel. Parker later retained John Wesley Hall as defense counsel, and John Wesley Hall hired investigators Traci Foreman and Blair Thomas[3] to assist with Parker's case. Throughout their employment, Foreman and Thomas were paid approximately $80,000 for their services.

On July 30, 2020, Parker retained Jeffrey Rosenzweig as counsel. Thereafter, Rosenzweig and investigators Foreman and Thomas began corresponding regarding Parker's case. By early

---

[1] ECF Nos. 85, 98, and 110.
[2] ECF Nos. 93, and 99.
[3] Traci Foreman is Blair Thomas's mother.

1

2021, the relationship between Rosenzweig, Foreman, and Thomas had deteriorated. On July 21, 2021, in an e-mail correspondence, Foreman and Thomas resigned. *See* ECF No. 85 at 15. This resignation was as follows:

> Dear Gentlemen,
>
> Effective immediately, we, Blair A. Thomas and Traci D. Foreman, formally terminate all services for and any affiliation with the above-mentioned case.
>
> All raw data; medical charts; case-in-progress binders; three flash drives for emails and computer files; handwritten notes; interview transcripts (in-person and telephone); and, research documents; plus, external database(s) reports will be delivered to 300 Spring Street, Suite 310, Little Rock, Arkansas 72201, by August 5, 2021.
>
> Two bins containing binders for the Parker case were delivered to Mr. Rosenzweig's home in late August 2020.
>
> In total, our work covers the period 11/19/2019 thru 07/20/2021.
>
> All best on the outcome of the court proceedings.
>
> Sincerely,
>
> Traci D. Foreman, RN, MSN, MBA
> Blair A. Thomas RN, APN

*Id.*

Despite their assurances, however, Foreman and Thomas did not supply Parker's file to Rosenzweig by August 5, 2021. Instead, Foreman and Thomas began a series of deliberate and dishonest delay tactics over the course of nearly one year that have necessitated this Court's intervention. Notably, on August 13, 2021, Foreman and Thomas promised the documents on August 18 and 19, 2021. They were not supplied. Instead, Foreman sent an e-mail to Rosenzweig stating the documents would be supplied to John Wesley Hall by September and "[a]ny communication after this email will only go to JWH [John Wesley Hall]." *See* ECF No. 85 at 19.

Despite Foreman's assurances to Rosenzweig, she did not deliver the requested documents to John Wesley Hall. Instead, Foreman e-mailed Parker and unilaterally extended the deadline from September to January 4, 2022. *See* ECF No. 85 at 21. On January 4, 2022, John Wesley Hall was terminated as counsel. ECF No. 80.

Thereafter, Rosenzweig, as counsel for Parker, continued his attempt to secure all of Parker's documents and information from Foreman and Thomas. Because non-judicial methods and informal requests were not successful, Rosenzweig was filed several sealed motions with this Court. This first motion was filed on January 10, 2022. *See* ECF No. 85. Upon consideration of this first motion, the Court granted it on February 17, 2022, and the Court entered a sealed order directing Foreman and Thomas to produce the following:

> All files, documents, communications, recordings, transcripts, emails, text messages and notes—from whatever source derived and whenever created or obtained— concerning the preparation of the defense of and investigation for the defense of Lonnie Joseph Parker in this case. This specifically includes, by way of example and not limitation, the following:
>
> As described in Traci Foreman's email of August 13, 2021, to Mr. Rosenzweig "All raw data; medical charts; case-in-progress binders; three flash drives for emails and computer files; handwritten notes; interview transcripts (in-person and telephone); and research documents; plus, external database(s) reports, related in any way to Defendant Lonnie Joseph Parker.
>
> As described in Traci Foreman's email of August 13, 2021, to Mr. Rosenzweig as "seven or eight boxes" of "books clean, efficient, expertly organized ....flash drives included as back-up," related in any way to Defendant Lonnie Joseph Parker.
>
> Any and all files, documents, communications, recordings, transcripts, emails, text and notes created or obtained after August 13, 2021, related in any way to Defendant Lonnie Joseph Parker.

ECF No. 94.

In that order, the Court directed John Wesley Hall, Foreman, and Thomas to supply these documents by March 4, 2022. In response to that order, John Wesley Hall supplied a box of documents to Rosenzweig's office on March 4, 2022. Foreman and Thomas did not supply the

3

information as directed.  Instead, on March 4, 2022, Thomas sent correspondence to this Court requesting more time and acknowledging Foreman had notice of the order.  Thomas requested an additional seven to ten days as follows: "I am not asking for weeks, but 7-10 days would be sufficient and helpful.  Your willingness to do so will allow Traci and me to take off two business days, so we can adhere to your Order; and, it allows us to give our employers advance notice."  *See* ECF No. 120.

On March 8, 2022, because Foreman and Thomas had not complied, Rosenzweig filed a second sealed motion again seeking all Parker's file from Foreman and Thomas.  ECF No. 98.  On March 11, 2022, the Court granted this Motion.  ECF No. 100.  In the order granting this motion, the Court directed as follows:

> **IT IS ORDERED** that John Wesley Hall, Traci Foreman, and Blair Thomas are directed to **APPEAR IN PERSON** for an *in camera* and *ex parte* hearing on April 25, 2022 at 2:00 PM at the United States Courthouse, Texarkana, Arkansas, 500 N. State Line Avenue (3rd Floor Courtroom).  They are to bring to this hearing **ALL MATERIALS** (both original and copies) related to Parker's case.

*Id.*

On April 25, 2022, this *in camera* and *ex parte* hearing was held.  ECF No. 106.  John Wesley Hall, Traci Foreman, and Blair Thomas appeared and testified.  During the hearing in this matter, John Wesley Hall testified he provided Rosenzweig with Parker's entire file: "I gave him the whole thing.  I didn't keep a copy."  Foreman testified she was aware she was to bring all materials associated with Parker's case, and Foreman had Thomas supply a flash drive which purportedly contained those materials.  Foreman testified, however, that she did not "bring the boxes of paper items" related to Parker's case because she "thought the flash drive was fine."  Foreman testified all of the other documents related to Parker were in a "storage unit in Little Rock."

After Foreman concluded her testimony, Thomas then testified.  Thomas testified the flash drive they supplied was created and given to them by Parker, and the flash drive "doesn't contain

anything else." Thomas testified that all of her paper documents from Parker's case were in Foreman's possession: "I had all of my things in boxes and boxes that Dr. Parker had provided. My Mother picked them up weeks ago." Because her mother, Foreman, was in possession of those documents, Thomas testified she did not bring them to the hearing.

Following the testimony, the Court again Ordered Foreman and Thomas to deliver all of the material in their possession to Rosenzweig by the end of the week of the hearing. In the days following the hearing, Foreman and Thomas purportedly produced their "entire file" to Rosenzweig, but Rosenzweig found this production was still not complete. Thus, Rosenzweig was forced to file a third motion to compel on May 4, 2022. ECF No. 110. On May 5, 2022, due to their disregard of the Court's prior orders to produce all documentation related to Parker's case, this Court set a show cause hearing as to Foreman and Thomas.[4] ECF No. 111. In this order, the Court directed Foreman and Thomas to "**SHOW CAUSE** why they should not be held in contempt of this Court's prior orders directing them to supply their entire file for Parker to Parker and his attorney." At this second hearing, Foreman and Thomas did appear, but they did not supply an excuse for their failure to supply their entire file to Rosenzweig as directed by this Court in the initial order dated February 17, 2022.

**B.   Applicable Law:**

Under 28 U.S.C. § 636(e), the contempt authority of a federal magistrate judge is outlined. In accordance with this provision, such authority is defined as follows:

> **(2) Summary criminal contempt authority.**--A magistrate judge shall have the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice. The order of contempt shall be issued under the Federal Rules of Criminal Procedure.

---

[4] The Court found no misconduct by John Wesley Hall, and contempt hearing did not consider any misconduct on his part.

28 U.S.C. § 636(e)(2). The penalties for summary criminal contempt before a magistrate judge may not exceed those imposed for a Class C misdemeanor, namely, up to thirty (30) days imprisonment and up to a $5,000 fine. *See* 28 U.S.C. § 636(e)(5); 18 U.S.C. § 3581(b)(8); and 18 U.S.C. § 3571(b)(6).

In making the determination of whether an individual is in contempt, the magistrate judge must assess whether that individual had the requisite criminal intent. *See In re Oliphant,* 2002 WL 34144, at *4 (4th Cir. Jan. 4, 2022). After making such a determination and entering a contempt order, that order by a federal magistrate judge is then reviewed on an abuse of discretion standard. *See, e.g., In re Contempt Order,* 441 F.3d 1266, 1268-69 (10th Cir. 2006).

**C.     Discussion:**

In its Order of February 17, 2022, the Court clearly and unambiguously ordered Foreman and Thomas to supply all information related to Parker's case to Rosenzweig. ECF No. 94. They did not comply.

On March 11, 2022, the Court again ordered Foreman and Thomas to supply all information related to Parker's case to Rosenzweig. This time, Foreman and Thomas were given until April 25, 2022, to supply that information at a formal hearing before the undersigned. ECF No. 100. While both Foreman and Thomas appeared at the April 25, 2022 hearing, again they failed to comply with the clear Order of this Court. Both Foreman and Thomas testified they were aware of the Court's Order to produce their investigative file to Rosenzweig. Foreman testified she thought the flash drive to be provided by Thomas would be sufficient to comply with the Court's Order. Thomas testified the flash drive contained none of the investigative material developed by Foreman and Thomas; rather, it only contained materials given them by Defendant. Thomas testified Foreman was in possession of the actual investigation documents. These excuses, coupled with their

knowledge of the Court's Order and consistent non-responses to Rosenzweig over the course of nearly a year, demonstrate this non-compliance was willful and intentional.

Even though in an instance such as this, the Court is authorized to enter a summary contempt order pursuant 28 U.S.C. § 636(e)(2), the Court again gave Foreman and Thomas a chance to explain their conduct at a show cause hearing on May 23, 2022. ECF No. 113. Again, they failed to provide any excuse for their months-long non-compliance with the multiple Orders of this Court and could not justify their delay.[5]

**D.   Conclusion:**

Accordingly, the Court finds an Order of Criminal Contempt is appropriate as to Foreman and Thomas. The Court **ORDERS** as follows:

1. Foreman and Thomas are each **FINED $1,500.00** with payment to be made to the Clerk of this Court at the Judge Isaac C. Parker Federal Building, 30 South 6th Street, Suite 1064, Fort Smith, Arkansas. **These fines shall be paid on or before October 1, 2022**.

2. Further, because Traci Foreman was in possession of the documents at issue during the time she was subject to the Court's Orders to produce and willfully failed to comply with the Order to Produce, Traci Foreman is sentenced to a term of imprisonment for **five (5) days. Traci Foreman is directed to report for service of this sentence to the Saline County Jail, Benton, Arkansas at 12:00 p.m. on Friday September 30, 2022**.

3. The United States Marshal is directed to serve both Traci Foreman and Blair Thomas with a copy of this Order at the addresses below:

    a.  Traci Foreman
        1818 North Taylor Street, Suite 415
        Little Rock, AR 72207

---

[5] The Court notes that while Foreman and Thomas eventually complied with the Court's Orders, it was long after they had willfully disregarded those Orders.

      a. Blair Thomas
         2257 Columbia Road 38
         Stephens, Arkansas 71764-8106

4. Traci Foreman and Blair Thomas are warned that failure to comply with this **ORDER** may result in additional sanctions being imposed by this Court.

**ENTERED this 17th day of August 2022.**

                                      /s/ *Barry A. Bryant*
                                      HON. BARRY A. BRYANT
                                      UNITED STATES MAGISTRATE JUDGE