IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                  Case No. 4:19-cr-40018

LONNIE JOSEPH PARKER                                                                        DEFENDANT

### ORDER

Before the Court is Defendant Lonnie Joseph Parker's Motion for a Bill of Particulars. ECF No. 75. The government has responded. ECF No. 79. The Court finds the matter ripe for consideration.

Defendant asks the Court to direct the government to file a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). *See* ECF No. 75. Defendant argues that the government "may not have fully understood the nature of [his] medical practice," as the government has, in Defendant's view, incorrectly characterized that medical practice as a "pill mill." ECF No. 75. Therefore, Defendant argues, the Court should require the government to explain how his prescribing practices violated the Arkansas Chronic Intractable Pain Treatment Act and detail which Schedule II drugs, charged in Counts 2 and 3, he allegedly prescribed. ECF No. 75. In response, the Government argues that the Court should deny Defendant's request for a bill of particulars, stating that it "has provided [prescription monitoring program] data, patient medical records, and expert reports . . . advis[ing] [Defendant] how his prescribing practices were outside the usual course of professional practice and without a legitimate medical purpose, as well as outside appropriate criteria in Ark. Code Ann. § 17-95-704(e) and § 17-95-707." ECF No. 79. Further, the government acknowledges that the Superseding Indictment (ECF No. 28) charged Defendant with distributing codeine, a Schedule II controlled substance, when "the codeine

solution should likely be charged as a Schedule V controlled substance." ECF No. 79. Subsequently, the government filed the Second Superseding Indictment, amending Counts 2 and 3 and charging Defendant with distributing promethazine HCI with codeine solution, a Schedule V controlled substance. *See* ECF No. 114.

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); *see also* Fed. R. Crim. P. 7(f). A bill of particulars serves "to inform the defendant of the nature of a charge 'with sufficient precision to enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.'" *Id.* (citation omitted). However, a bill of particulars "is not a tool for discovery and is not to be used to obtain detailed disclosure of the Government's evidence at trial." *United States v. Daosavanh*, No. 12-50008-011, 2012 WL 12902761, at *1 (W.D. Ark. Apr. 4, 2012). "Furthermore, this Court has 'broad discretion' in the decision to grant or deny a bill of particulars." *United States v. Allen*, No. 6:10-cr-60015, 2010 WL 5147525, at *1 (W.D. Ark. Nov. 10, 2010) (quoting *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993)); *see also United States v. Maull*, 806 F.2d 1340, 1345-46 (8th Cir. 1986) ("'The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial.' So long as the defendant was adequately informed of the charges against him and was not unfairly surprised at trial as a consequence of the denial of the bill of particulars, the trial court has not abused its discretion." (citation omitted)). "[W]here the indictment sufficiently informs the defendant 'of the nature of the charges against him,' a court does not abuse its discretion by denying a bill of particulars." *Id.* (citation omitted).

Here, the Second Superseding Indictment, now the operative indictment, provides

sufficient detail to inform Defendant of the nature of the charges against him and enable him to prepare for trial. *See Livingstone*, 576 F.3d at 883. For example, for each distribution that Defendant allegedly participated in, the government specifies the date, the type of controlled substance, and the initials of the patient-recipient. *See* ECF No. 114. Further, any concern that Defendant expressed regarding the government's allegations (in Counts 2 and 3 of the Superseding Indictment) that he distributed a Schedule II controlled substance has been alleviated because the government has since filed the Second Superseding Indictment, in which it instead alleges (in Counts 2 and 3) that Defendant distributed a Schedule V controlled substance. *See* ECF No. 114. Moreover, to the extent that Defendant seeks a bill of particulars requiring the government to explain why it believes that his medical practice was a "pill mill" and how he violated the Arkansas Chronic Intractable Pain Treatment Act, a bill of particulars is not the appropriate vehicle for a defendant to test the strength or validity of the government's theory of prosecution, obtain additional discovery, or obtain a detailed disclosure of the government's evidence. *See Daosavanh*, 2012 WL 12902761, at *1.

Therefore, the Court, in its broad discretion, finds that Defendant's Motion for a Bill of Particulars should be denied. *See Allen*, 2010 WL 5147525, at *1. The instant motion (ECF No. 75) is hereby **DENIED**.

**IT IS SO ORDERED**, this 26th day of August, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge