IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                       Case No. 4:19-cr-40018

LONNIE JOSEPH PARKER                                                                     DEFENDANT

**ORDER**

Before the Court is Defendant Lonnie Joseph Parker's Response to Government Motion to Issue Subpoena. ECF No. 130. No response is necessary. Therefore, the Court finds this matter ripe for consideration.

On August 26, 2022, the government filed a motion seeking an order from the Court, pursuant to Federal Rule of Criminal Procedure 17, directing Stephen Walker to produce records to the Court for the parties' inspection. ECF No. 125. On August 30, 2022, the Court granted the government's motion and directed the Clerk of the Court to issue the requested subpoena. ECF Nos. 128, 129. However, on August 31, 2022, the government contacted the Court and defense counsel, indicating that, while it "does not object to [Defendant's] request [for the records,]" it "want[s] to be sure that the [psychotherapist-patient privilege] is respected." The government then directed the Court to three cases that it believes "might be helpful."[1]

In turn, Defendant filed the instant Response to Government Motion to Issue Subpoena. ECF No. 130. There, Defendant explains that he referred patients to Walker, a mental health counselor, and that he needs access to Walker's records because those records will show that "the prescriptions were part of a legitimate medical purpose and that he was not running a 'pill mill.'"

---

[1] The government directed the Court to *United States v. Chee*, 191 F. Supp. 3d 1150 (D. Nev. 2016); *Jaffee v. Redmond*, 518 U.S. 1 (1996); and *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

ECF No. 130, at 3.  Defendant further argues that the patients whose records are subject to the subpoena need not be notified because "these records involve a professional defendant who would, and in many cases, did have access to the records and that the patients either knew or reasonably should have known that [Defendant] would have received this information" and because the patients are not "victims."  ECF No. 130, at 15-17.

Finally, on August 31, 2022, the government again contacted the Court and defense counsel.  At that time, the government confirmed receipt of the instant response (ECF No. 130) and stated that "[u]nless the court's position on issuing the subpoena has changed given the expanded explanation, the United States stands ready to serve it."  The government did not respond to Defendant's argument that no patient encompassed by the subpoena is a "victim" or otherwise whether any prior notification to any patient is required.

Turning first to Defendant's argument that no patient requires prior notification, Defendant cites to Federal Rule of Criminal Procedure 17(c)(3), which provides:

> After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order.  Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

The Advisory Committee Notes to Rule 17 state that subdivision (c)(3) incorporates the Crime Victims' Rights Act (CVRA).  *See* Fed. R. Crim. P. 17(c)(3) advisory committee's note to 2008 amendment.  The note explains "that victims have a right to respect for their 'dignity and privacy'" and that subdivision (c)(3) suffices as a "protective mechanism" when a party seeks "personal or confidential information about a victim" from a third party, which is particularly important "because a third party may not assert the victim's interests, and the victim may be unaware of the subpoena."  *See id.*  Looking to the CVRA, the term "victim" is defined as meaning "a person

2

directly and proximately harmed as a result of the commission of a Federal offense." *See* 18 U.S.C. § 3771(e)(2).

Here, the subpoena directs Walker to produce "[a]ll records of psychotherapy or other consultation with any patient seen by Mr. Walker having been referred by Dr. Lonnie Joseph Parker, or by persons working with or for Mr. Lonnie Joseph Parker." ECF No. 129, at 1. The parties have offered few specifics as to which patients' records are encompassed by the subpoena. However, because the subpoena commands the production of "[a]ll records . . . with any patient," the Court assumes that the subpoena may encompass the record(s) of patient "N.C.," who the government alleges died as a result of the "Federal offense" charged in Count 1 of the Second Superseding Indictment. *See* ECF No. 114, at 1; *see also* 18 U.S.C. § 3771(e)(2). Therefore, in accordance with the CVRA, the Court directs the government to notify N.C.'s personal representative *prior* to serving the subpoena. If N.C.'s personal representative wishes to "quash," "modify," or "object," the government must inform the Court. *See* Fed. R. Crim. P. 17(c)(3). However, based on the information currently before the Court, no prior notification is required for the other patients whose records are encompassed by the subpoena because there is no indication that those patients are "victims" of the "Federal offense[s]" charged in the Second Superseding Indictment.[2] *See* § 3771(e)(2).

Turning to the parties' discussion of the psychotherapy-patient privilege, the Court finds that the question of whether the privilege applies, barring the production of the requested records, is prematurely before the Court. "[T]he federal common law recognizes a psychotherapist-patient

---

[2]The Court is unable to find any other provision, within the Criminal Rules of Criminal Procedure or otherwise, that requires prior notification to any patient (other than N.C., as previously discussed) whose information is encompassed by the subpoena. For example, the United States Department of Health and Human Services, in its Health Insurance Portability and Accountability Act (HIPAA), provides that a covered healthcare entity may "disclose protected health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court . . . provided that the covered entity discloses only the protected health information expressly authorized by such order[.]" *See* 45 C.F.R. § 164.512(e)(1)(i).

3

privilege that protects confidential communications between psychotherapists and patients, as well as records from psychotherapist sessions. This privilege extends to psychiatrists, psychologists, clinical social workers, and others engaged in mental health treatment." *Heilman v. Waldron*, 287 F.R.D. 467, 474 (D. Minn. 2012) (citation omitted). Since the Supreme Court's recognition of the psychotherapist-patient privilege in *Jaffee*, there has been considerable disagreement among the lower federal courts as to how that privilege relates to a criminal defendant's constitutional rights. *See, e.g.*, *Newton v. Kemna*, 354 F.3d 776, 785 (8th Cir. 2004) (noting the "sparse and conflicting authority adopting [the defendant's] position that psychiatric records are discoverable, or subject to an *in camera* examination, when a criminal defendant seeks them to aid in his defense").

Notably, "the psychotherapist-patient privilege is not self-executing; the patient must invoke it." *Babbs v. Block*, No. 4:15-cv-0194, 2017 WL 1628959, at *4 (W.D. Mo. May 1, 2017); *see also* 2 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 5:43 (4th ed. 2022) ("As is true of other professional privileges, the psychotherapist-patient privilege belongs to and exists for the benefit and protection of the patient, and not the therapist. *The latter may, however, assert the privilege on the patient's behalf, and indeed has an ethical and professional obligation to do so*." (emphasis added)); *Lora v. Board of Ed.*, 74 F.R.D. 565, 585-86 (E.D.N.Y. May 12, 1977) (noting presumption that psychotherapist may claim privilege on behalf of patient). Further, "[t]he party asserting the psychotherapist-patient privilege has the burden of showing . . . that the communications at issue were made: (1) in confidence, (2) between the patient and a licensed psychotherapist, and (3) in the course of diagnosis or treatment." *United States v. Wynn*, 827 F.3d 778, 787 (8th Cir. 2016) (alteration in original) (citation omitted).

Here, although the government noted that "a concern arose" regarding the privilege, it was, in fact, the government that first sought an order directing the Clerk of Court to issue a subpoena

for Walker's records. *See* ECF No. 125. Further, the government has stated that it "does not object" to the request for the records, and, following Defendant's Response to Government Motion to Issue Subpoena (ECF No. 130), the government stated that it "stands ready" to serve the subpoena. Similarly, Defendant enthusiastically supports the government's request for Walker's records, as those records will, in his view, aid his defense. *See* ECF No. 130. In sum, no party—neither a patient nor Walker, on behalf of a patient—has invoked the privilege. *See Babbs*, 2017 WL 1628959, at *4. Moreover, no party has demonstrated that the requested records contain communications that were made in confidence, between the patient and a licensed psychotherapist, and in the course of diagnosis or treatment. *See id.* The Court does not have even basic information about Walker, such as his official professional title, education, or licensure, which would allow it to discern whether he is, in fact, a qualifying professional. *See Heilman*, 287 F.R.D. at 474 (explaining that the psychotherapist-patient privilege applies to "psychiatrists, psychologists, clinical social workers, and others engaged in mental health treatment").

The Court finds that N.C. is the only patient requiring prior notification. The Court reserves any judgment as to whether the psychotherapist-patient privilege applies and, if so, whether it bars production of the requested records. Therefore, the government can serve the subpoena on Walker as originally requested and in accordance with the Court's August 30, 2022 Order. *See* ECF No. 128; *see also* ECF No. 129. However, in accordance with the CVRA, the government is **DIRECTED** to first inform N.C.'s personal representative that the parties are seeking records that may include his/her confidential information, allowing that personal representative an opportunity to invoke the psychotherapist-patient privilege. *See* 2 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 5:43 (explaining that "[t]he privilege survives the death of the patient and may be asserted by his personal representative after his death"); *see also United States*

*v. Blue*, 340 F. Supp. 3d 862, 865 (D.S.D. 2018) (finding that certain persons "were entitled to notice under Rule 17(c)(3)" and therefore "direct[ing] the government to inform [them] that [the defendant] was seeking confidential information about them and to determine whether they wished to assert the psychotherapist-patient privilege"). Then, only after the government has notified N.C.'s personal representative, the government may serve the subpoena on Walker. Prior to any production of Walker's records, however, the government is **DIRECTED** to inform the Court as to whether N.C.'s personal representative, Walker, or both have invoked the psychotherapist-patient privilege. If an invocation of the psychotherapist-patient privilege is made, the Court will allow further briefing from the government and Defendant and will consider that briefing before determining whether the psychotherapist-patient privilege bars disclosure of the sought-after records. *See, e.g.*, *Blue*, 340 F. Supp. 3d at 865 (considering arguments regarding the psychotherapist-patient privilege only *after* patients invoked the privilege).

**IT IS SO ORDERED**, this 1st day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge