IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF


v.                              Case No. 4:19-cr-40018


LONNIE JOSEPH PARKER                                                        DEFENDANT

## ORDER

Before the Court is Defendant Lonnie Joseph Parker's Motion for Disclosure of Any F.R.E.
404(b) Evidence Which the Government May Seek to Introduce.  ECF No. 37.  The matter is ripe
for consideration.

## I. BACKGROUND

On June 15, 2022, the government filed a Second Superseding Indictment against
Defendant.  ECF No. 114.[1]  Counts 1, 4, and 5 of that indictment charge Defendant with dispensing
and distributing a Schedule II controlled substance, namely, oxycodone, in violation of 21 U.S.C.
§ 841(b)(1)(C) and 21 C.F.R. § 1306.04.  ECF No. 114.  Counts 2 and 3 charge Defendant with
dispensing and distributing a Schedule V controlled substance, namely, promethazine HCI with
codeine solution, in violation of 21 U.S.C. § 841(b)(3) and 21 C.F.R. § 1306.04.  ECF No. 114.
On September 10, 2020, Defendant asked the Court to order the disclosure of any evidence that
the government intended to introduce pursuant to Federal Rule of Evidence 404(b).  ECF No. 37.
The government responded and outlined three categories of 404(b) evidence that it intends to
introduce: (A) additional prescriptions prescribed by Defendant to patients whose care is the
subject of the indictment; (B) testimony from patients of Defendant whose care is not the subject

---

[1]The original indictment, as well as the first superseding indictment, can be found at docket numbers 1 and 28, respectively.  *See* ECF Nos. 1, 28.

of the indictment; and (C) practice-wide prescription data.  ECF No. 39.  In response, Defendant stated that he would not object to the introduction of evidence in category (A), but, without additional information from the government, declined to state whether he would object to the introduction of evidence in categories (B) and (C).  ECF No. 40.  The government then filed a Supplemental Notice of Intent, describing in detail what category (B) evidence it intends to introduce.  ECF No. 56.  More specifically, the government stated that it seeks to introduce testimony from three patients ("T.H."; "J.J."; and "D.A.") "as evidence of knowledge, intent, and absence of mistake . . . as evidence that Dr. Parker was operating a 'pill mill' in which he was prescribing controlled substances without legitimate medical purpose."  ECF No. 56.[2]  Defendant responded, arguing that the Court should not allow the admission of testimony from patients whose care is not encompassed by the indictment.  ECF No. 58.  Specifically, Defendant argued that his "clinic did not meet" the government's description of a "pill mill."  ECF No. 58.  In this motion, Defendant asked the Court for "a hearing on the government's motion."  ECF No. 58.  In response, the government argued that it "is not required, pre-trial, to prove that the clinic was a 'pill mill' in order to offer evidence at trial that the defendant was operating his clinic outside the usual course of professional practice and issuing the prescriptions that are charged . . . without a legitimate medical purpose."  ECF No. 59, at 1-2.  It further argued that category (B) evidence "is relevant because it shows what these patients saw, heard, and experienced at the clinic during the same timeframe as the dates charged in the indictment" and that the Court should deny Defendant's request for a hearing.  ECF No. 59, at 3, 9.

On August 30, 2022, the Court held a virtual conference (via Zoom) with the parties to discuss, among other things, the status of the instant motion.  On September 7, 2022, with the

---

[2]The government originally sought to introduce the testimony of two other patients: "C.N." and "J.S."  However, these patients are now deceased and will not be called as witnesses.  *See* ECF No. 133, at 2.

Court's permission, the Government filed a Supplemental Response to the Defendant's Motion for Disclosure of Evidence Under 404(b).  ECF No. 133.  In that response, the government "refreshe[d]" its previous arguments regarding its intent to introduce evidence in categories (A) and (B).  ECF No. 133.  The government "supplement[ed] its brief" regarding the introduction of evidence in category (C), arguing that the practice-wide prescription data should be admitted as "intrinsic evidence" or, alternatively, be admitted pursuant to Rule 404(b).  ECF No. 133, at 7-10.  The government further explained that it would offer "[t]he practice-wide data analysis . . . in conjunction with expert testimony about state and federal prescribing guidelines based on generally accepted medical standards."  ECF No. 133, at 11-12.  The government has asked the Court for pretrial rulings on the admissibility of the evidence in categories (B) and (C).  *See* ECF Nos. 59, 133.

## II. ANALYSIS

To convict Defendant of the five counts charged in the Second Superseding Indictment, the government must prove, beyond a reasonable doubt, that Defendant:

> was acting outside the bounds of professional medical practice, as his authority to prescribe controlled substances was being used not for treatment of a patient, but for the purpose of assisting another in the maintenance of a drug habit or of dispensing controlled substances for other than a legitimate medical purpose.

*United States v. Katz*, 445 F.3d 1023, 1028 (8th Cir. 2006) (citation omitted).  Because a necessary element of the crime is whether Defendant wrote the prescriptions for a legitimate medical purpose, his intent is central to the case.  *See id.* at 1029.  The Court addresses the admissibility of each category of evidence in turn.

### *1. Category (A) Evidence*

First, the government seeks to admit evidence of additional prescriptions prescribed to patients whose care is encompassed by the indictment.  Defendant does not object.  Therefore, the

Court will allow the admission of such evidence, assuming that the proper foundation is laid and subject to objections made at trial.

### 2. Category (B) Evidence

Next, the government seeks to admit the proposed testimony of three patients whose care is not encompassed by the indictment: T.H.; J.J.; and D.A.  *See* ECF No. 56.  The government contends that this testimony is admissible pursuant to Rule 404(b) "as evidence of knowledge, intent, and absence of mistake . . . as evidence that Dr. Parker was operating a 'pill mill' in which he was prescribing controlled substances without a legitimate medical purpose."  ECF No. 56, at 2; *see also* ECF No. 56, at 3 ("The patients' testimony is offered to show Dr. Parker's knowledge that he was operating outside the scope of professional practice and intended to do so.").  Although the proposed testimony of each witness varies slightly, it is clear from the government's summary of these testimonies that the witnesses will describe what they experienced as patients of Defendant, including their observations of Defendant's clinic's operations and their experiences with Defendant's treatment protocols.  *See* ECF No. 56.  In response, Defendant argues that the government cannot admit this testimony unless it first proves that Defendant was, in fact, operating a "pill mill."  ECF No. 58.  Defendant further challenges the reliability of the proposed testimony and argues that it is irrelevant and unfairly prejudicial.  ECF No. 58.

"Federal Rule of Evidence 404(b) prohibits the admission of '[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith.'"  *United States v. Maxwell*, 643 F.3d 1096, 1100 (8th Cir. 2011) (alterations in original) (quoting Fed. R. Evid. 404(b)).  However, such evidence may be admitted for other purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  "Whether Rule 404(b) prohibits the

admission of a particular piece of evidence depends, therefore, on the purpose for which it is offered." *Maxwell*, 643 F.3d at 1100.  Rule 404(b) is a rule of inclusion, *see United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006), and "[e]vidence is admissible under Rule 404(b) if it is (1) relevant to a material issue, (2) similar in kind and close in time to the crime charged, (3) proven by a preponderance of the evidence, and (4) if the potential prejudice does not substantially outweigh its probative value," *Katz*, 445 F.3d at 1029; *see also United States v. Campbell*, 845 F.2d 1374, 1380 (6th Cir. 1988) ("First, we must decide whether [the evidence] was admissible for any *proper* purpose, as distinct from the *improper* purpose of showing 'character' or 'propensity.'  If we conclude that there was a proper basis for admission, we must then consider whether the probative value of the evidence outweighed its potential prejudicial effects." (citation omitted)).

Two Eighth Circuit opinions are instructive here: *United States v. Jones*, 570 F.2d 765 (8th Cir. 1978) and *United States v. Katz*, 445 F.3d 1023.  In *Jones*, a Missouri doctor was charged with distributing a Schedule II controlled substance without a legitimate medical purpose and outside the usual course of professional practice after he wrote two prescriptions for Quaalude on behalf of an undercover police officer.  *See* 570 F.2d at 766.  At trial, the government introduced 478 uncharged prescriptions that the defendant-doctor had authored.  *See id.* at 767.  Additionally, police officers testified, identifying as drug addicts 13 individuals named on those 478 uncharged prescriptions.  *See id.*  The Eighth Circuit found that the district court abused its discretion in admitting these 478 uncharged prescriptions because the defendant-doctor "was required to attempt to rebut the suggestion of wrongful conduct in prescribing Schedule II narcotics for the scores of persons listed as patients in the 478 prescriptions . . . and introduced in evidence."  *Id.* at 767-68.  Moreover, the Eighth Circuit noted that "most of the trial time" was dedicated to

5

examination and cross-examination "on matters not covered by the indictment." *Id.* at 768.

Then, in *Katz*, a Missouri doctor was charged in a 192-count indictment with attempted or actual distribution of Schedule III and IV controlled substances outside of the scope of medical practice and not for a legitimate medical purpose. *See* 445 F.3d at 1025-26. The Eighth Circuit found that the district court did not abuse its discretion in admitting evidence of "at least" 300 uncharged prescriptions pursuant to Rule 404(b) because: the evidence showed the defendant-doctor's intent, and his intent was a material issue; the uncharged prescriptions were "similar in kind and close in time to the crime charged"; the government proved the uncharged prescriptions by a preponderance of the evidence; and the admission of these uncharged prescriptions was not unfairly prejudicial. *See id.* at 1029. Notably, in *Katz*, a patient whose care and prescriptions were not encompassed by the indictment testified against the defendant-doctor, and the Eighth Circuit specifically found that the admission of such testimony was not an abuse of discretion. *See id.* at 1030 ("[The patient's] testimony was admitted to show [the defendant-doctor's] knowledge and intent in writing these prescriptions in order to establish that he did not have a legitimate medical purpose in writing them.").

*Jones* and *Katz* instruct that matters outside of the indictment—specifically, testimony from patients whose care is not encompassed by the indictment—is admissible pursuant to Rule 404(b). However, such evidence must be established by a preponderance of the evidence, and the volume of such evidence should not consume most of the trial, requiring the defendant to spend more time rebutting evidence of uncharged conduct than evidence of charged conduct. *See Jones*, 570 F.2d at 767-68; *Katz*, 445 F.3d at 1029; *see also United States v. King*, 989 F.3d 797, 805 n.2 (8th Cir. 2018) (explaining that, in *Jones*, the uncharged prescriptions were not "accompanied by other evidence beyond mere quantity").

Here, the indictment charges Defendant for five prescriptions. *See* ECF No. 114; *see also* ECF No. 39, at 6 ("Each of the counts relates to a prescription issued to a particular patient seen in [Defendant's] practice."). The government seeks to introduce testimony from three patients whose care is not encompassed by the indictment. *See* ECF No. 39, at 16 ("The patients' testimony is offered to show [Defendant's] knowledge that he was operating outside the scope of professional practice and intended to do so."). Although Defendant argues that he did not operate a pill mill and that the proposed patient testimony is unreliable, *see* ECF No. 58, there is no requirement that the government prove that Defendant was operating a pill mill prior to the Court's pretrial ruling on the admissibility of the patient testimony. Further, the admissibility of testimony is not contingent on the credibility of that testimony; instead, "[c]redibility is always an issue for the jury to determine." *United States v. Meads*, 479 F.3d 598, 602 (8th Cir. 2007). Further, testimony from only three patients whose care is not encompassed by the indictment is not going to distract from the trial in the same way that, in *Jones*, the evidence of 478 uncharged prescriptions distracted from the trial concerning 2 charged prescriptions. *See* 570 F.2d at 767.

Moreover, other courts have found that testimony by patients whose care is not encompassed in the indictment or evidence of prescriptions uncharged by the indictment are admissible pursuant to Rule 404(b). *See United States v. Noel*, No. 20-6167, 2021 WL 5180915, at *3 (6th Cir. Nov. 8, 2021) (finding evidence of uncharged prescriptions admissible because, unlike in *Jones*, where the government "failed to introduce 'other proof that the prescriptions had not been issued for a proper medical purpose,'" the government provided sufficient additional evidence so that the uncharged prescriptions supported an inference of criminal intent (citation omitted)); *United States v. Robinson*, 255 F. Supp. 3d 199, 204 (D.C.D. 2017) ("The Eighth Circuit did not hold that evidence of other prescriptions could never be admissible Rule 404(b) evidence,

7

but instead reasoned that '[t]he other prescriptions of Schedule II drugs by [the defendant] to his patients constituted crimes or unlawful acts similar to the crimes charged in the indictment only if [the defendant] issued those prescriptions outside the bounds of professional medical practice.'" (alteration in original) (citation omitted)); *Campbell*, 845 F.2d at 1380 (finding testimony of patients whose care was not charged in the indictment admissible because "[t]he acts alleged were substantially similar and approximately concurrent with the offenses charged in the indictment" and "the question of intent was clearly at issue"); *United States v. Stump*, 735 F.2d 273, 275 (7th Cir. 1984) (finding uncharged prescriptions admissible because they "were evidence showing intent, opportunity, plan, preparation, and lack of mistake" and were corroborated by patient testimony). *But cf. United States v. Brizuela*, 962 F.3d 784, 798 (4th Cir. 2020) (finding evidence of uncharged prescriptions inadmissible under Rule 404(b) because "neither mistake nor accident was an issue" and, therefore, "evidence purportedly speaking to those issues [was] not relevant to or probative of an essential element of the charged offenses"). Ultimately, the Court finds that the testimony of T.H., J.J., and D.A. is admissible pursuant to Rule 404(b).

The Court must also consider whether, under Rule 403, the category (B) evidence is admissible. "Federal Rule of Evidence 403 allows a district court to exclude evidence 'if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *United States v. King*, 898 F.3d 797, 805 (8th Cir. 2018) (alteration in original) (citation omitted). District courts have "broad discretion in admitting or excluding evidence under Rule 403." *United States v. Frost*, 234 F.3d 1023, 1025 (8th Cir. 2000). In accordance with Rule 403's protections, district courts may limit the scope of evidence admitted pursuant to Rule 404(b). *See, e.g.*, *Robinson*, 255 F. Supp. 3d at 205 (limiting the amount of uncharged conduct introduced

pursuant to Rule 404(b) and explaining that "allow[ing] the government to present evidence implicating hundreds of other patients and prescriptions would improperly overshadow the actual conduct charged in this case."); *Noel*, 2021 WL 5180915, at *4 ("To its credit, the district court also sought to mitigate the risk by issuing limiting instructions requiring the jurors to consider this evidence to determine only whether [the defendant] 'had the intent to commit the alleged crime.'" (citation omitted)).

Here, the proposed testimony is highly probative because it relates to an essential element of the crime charged, and the testifying patients were treated similarly in kind and close in time to the charged conduct. *See Katz*, 445 F.3d at 1030. Any possibility of unfair prejudice does not substantially outweigh this probative value, and, therefore, the proposed patient testimony does not run afoul of Rule 403 and may be admitted into evidence. However, this ruling is subject to the assumption that the government will first establish the uncharged conduct by a preponderance of the evidence in accordance with Rule 404(b). *See Robinson*, 255 F. Supp. 3d at 204 ("The Court does not yet know if the government can or will establish that the other prescriptions were issued outside the bounds of professional practices, but notes that its decision to allow this evidence under Rule 404(b) is contingent on the government doing so."). Additionally, this pretrial ruling is subject to objections made at trial and to limitations, like those in *Robinson* and *Noel*, which may be imposed at trial by the Court.

### 3. Category (C) Evidence

Finally, the government seeks to introduce practice-wide prescription data as intrinsic evidence or, alternatively, pursuant to Rule 404(b). The government explains that this data originates from a monitoring program that is administered by the Arkansas Department of Health and collects data regarding the prescription and dispersal of controlled substances in Schedules II,

III, IV, and V.  ECF No. 133, at 2-3.  The government specifies what information is captured by the program, such as the date each prescription was written, the date each prescription was filled the name of the dispensed controlled substance, and the quantity dispensed.  ECF No. 133, at 3-4.

"Rule 404(b) applies only to 'other crimes, wrongs, or acts,' . . . it 'does not extend to evidence of acts which are "intrinsic" to the charged offense[.]'  'This is because such acts are not truly separate bad acts that show propensity, but are intrinsic evidence which is inextricably intertwined with the crime charged.'"  *Maxwell*, 643 F.3d at 1100 (citations omitted).  "[I]ntrinsic evidence[] is evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the charged crime occurred."  *United States v. Guzman*, 926 F.3d 991, 999-1000 (8th Cir. 2019) (alterations in original) (citation omitted); *see also United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) ("'Other act' evidence is 'intrinsic' when the evidence of the other act and evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." (citation omitted)).  "[I]ntrinsic evidence need not be *necessary* to the jury's understanding of the issues . . . ."  *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014).  However, "for evidence of uncharged conduct to be admissible to 'complete the story' of a charged offense, the evidence must be probative of an integral component of the crime on trial or provide information without which the factfinder would have an incomplete or inaccurate view of other evidence or of the story of the crime itself."  *Brizuela*, 962 F.3d at 795.

The government directs the Court to *United States v. Kraynak*, 553 F. Supp. 3d 245 (M.D. Pa. 2021).  There, the district court found that practice-wide prescription data constituted intrinsic evidence because that data "demonstrates that [the defendant-doctor] prescribed significant quantities of controlled substances to his patients, which 'directly proves the charged offense' . . .

10

as this evidence is relevant to the question of whether [the defendant-doctor] issued prescriptions outside the usual course of professional practice and not for a legitimate medical purpose." *Id.* at 253 (citation omitted). As this case is not dispositive, the Court looks elsewhere for guidance. In *Brizuela*, the Fourth Circuit explained that "a doctor's violation of § 841 is prescription specific, and writing a prescription only violates § 841 if, in doing so, the doctor strays from the bounds of professional medical practices *in treating that specific patient*." 962 F.3d at 797. Consequently, it found that practice-wide data was not intrinsic because the only "relevant 'story' for a § 841 offense is whether in writing the cited prescription, the defendant doctor was treating *the patient receiving the prescription* within the bounds of professional medical practices." *Id.* Similarly, in *United States v. Lague*, the Ninth Circuit explained that practice-wide data was not intrinsic because "[t]he uncharged prescriptions [were] not part of the § 841 charges, nor [were] they necessary for the government to offer a coherent narrative of [the defendant-doctor]'s crimes." 971 F.3d 1032, 1038 n.5 (9th Cir. 2020). Rather than admit the practice-wide evidence as intrinsic evidence, the *Lague* court found that such evidence was more appropriately admitted pursuant to Rule 404(b). *See id.* at 1040. Similarly, in *United States v. Merrill*, the Eleventh Circuit concluded that practice-wide data was admissible pursuant to Rule 404(b) because it tended to prove the element of intent or, stated differently, tended to prove whether the defendant-doctor acted in the usual course of professional practice. *See* 513 F.3d 1293, 1303 (11th Cir. 2008).[3]

---

[3]*Lague* juxtaposed *Jones* and *Merrill*, treating them as if they are diametrically opposed such that the Court could not simultaneously rely on both. *See* 971 F.3d at 1040 ("Simply put, *Merrill* and *Jones* are irreconcilable. Faced with this split of authority, and after carefully examining the law of our circuit, we hold that the Eleventh Circuit's opinion in *Merrill* better comports with the text and purpose of Rule 404(b)."). However, *Lague* did not consider *Katz*. Ultimately, the Court finds that *Jones*, *Katz*, and *Merrill* can be read harmoniously, and the Court chooses to rely on all three authorities in reaching its decision here. Further, although the Eighth Circuit has not addressed *Merrill* for the proposition that practice-wide prescription data may be admitted pursuant to Rule 404(b), the Eighth Circuit *has* cited approvingly to *Merrill*. *See United States v. Smith*, 573 F.3d 639, 647-48 (8th Cir. 2009) (explaining that the standard of professional practice is objective, rather than subjective, and "rests upon whether the physician prescribes medicine in accordance with a standard of medical practice generally recognized and accepted in the United States." (quoting *Merrill*, 513 F.3d at 1306)).

Considering this authority, the Court disagrees with the government that practice-wide prescription data is intrinsic to the crimes charged.  *See Brizuela*, 962 F.3d at 797 (explaining that "a doctor's violation of § 841 is prescription specific"); *cf. King*, 898 F.3d at 805 n.2 (explaining that "there [was] no Rule 404(b) problem, as the [practice-wide prescription data] only contain[ed] prescriptions relating to the charged conspiracy").  The Court finds that the government's proposed alternative—admission of the practice-wide prescription data pursuant to Rule 404(b)—is appropriate.  As explained above, an essential element of the crimes charged is Defendant's intent, and the jury will be required to determine whether the government has proven, beyond a reasonable doubt, that Defendant acted without a legitimate medical purpose and outside the usual course of professional practice.  *See, e.g.*, *Katz*, 445 F.3d 1028-29.  The government argues that the practice-wide prescription data may be admitted pursuant to Rule 404(b) as evidence of Defendant's intent, knowledge, and absence of mistake.  *See* ECF 133.  The Court agrees.  *See Cook*, 454 F.3d at 941 (explaining that Rule 404(b) is a rule of inclusion); *see also Katz*, 445 F.3d at 1029 (explaining that "[e]vidence is admissible under Rule 404(b) if it is (1) relevant to a material issue, (2) similar in kind and close in time to the crime charged, (3) proven by a preponderance of the evidence, and (4) if the potential prejudice does not substantially outweigh its probative value").

As with the admission of the testimony of T.H., J.J., and D.A., admission of the practice-wide prescription data is subject to a Rule 403 analysis.  The Court, in "its broad discretion in admitting or excluding evidence under Rule 403," *see Frost*, 234 F.3d at 1025, finds that the practice-wide prescription data should not be excluded pursuant to Rule 403.  This data it is highly probative of Defendant's overall prescribing methods and can be properly relied on by the government to prove Defendant's intent, knowledge, and absence of mistake.  *See Merrill*, 513

F.3d at 1303 ("A jury may consider prescription data sets outside those specifically charged in the indictment to determine whether a physician has exceeded 'the legitimate bounds of medical practice' and 'as evidence of a plan, design, or scheme.'" (quoting *United States v. Harrison*, 651 F.2d 353, 355 (5th Cir. 1981)); *see also* ECF No. 133, at 4 (explaining that the data will "show that the charged prescriptions are not aberrations or mistakes, but rather[,] consistent with [Defendant]'s prescribing practice"). Therefore, the practice-wide prescription data is admissible, subject, of course, to the assumption that the government will first establish all Rule 404(b) evidence by a preponderance of the evidence. *See Robinson*, 255 F. Supp. 3d at 204 ("The Court does not yet know if the government can or will establish that the other prescriptions were issued outside the bounds of professional practices, but notes that its decision to allow this evidence under Rule 404(b) is contingent on the government doing so."). Further, this pretrial ruling is subject to objections made at trial and limitations, like those in *Robinson* and *Noel*, which may be imposed by the Court at trial.

## IV. CONCLUSION

Therefore, the Court finds that the government's proposed evidence—specifically, the introduction of (A) additional prescriptions prescribed by Defendant to patients whose care is the subject of the indictment; (B) testimony from patients of Defendant whose care is not the subject of the indictment; and (C) practice-wide prescription data—is admissible, subject to the stipulations set forth in the instant order. The Court hereby **DIRECTS** the Clerk of Court to terminate Defendant's instant motion (ECF No. 37), as it has been resolved by the parties' briefing and the Court's instant order.

**IT IS SO ORDERED**, this 15th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

13