IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              Case No. 4:19-cr-40018

LONNIE JOSEPH PARKER                                        DEFENDANT

## ORDER

Before the Court is the government's Motion for Admittance of Deposition Testimony at Trial. ECF No. 141. Defendant Lonnie Joseph Parker has responded. ECF No. 144. The government has replied. ECF No. 148. Also before the Court is Defendant's Motion in Limine to Prohibit Elicitation of Testimony and Argument Regarding Method of Payment. ECF No. 145. The government has responded. ECF No. 149. The Court finds these matters ripe for consideration.

## I. DISCUSSION

A jury trial in the instant matter is scheduled for October 18, 2022. The parties have filed the instant motions in anticipation of that trial. The Court will address each motion in turn.

### 1. Motion for Admittance of Deposition Testimony

On September 20, 2022, the government filed its Motion for Admittance of Deposition Testimony at Trial (ECF No. 141), asking the Court to allow the admission of the deposition testimony of Joshua Franklin, a former patient of Defendant, pursuant to Federal Rule of Evidence 804. In the motion, the government explains that, on August 25, 2022, the parties met at Franklin's house to take his deposition following the parties' agreement that Franklin is unable to appear in person at the October 17 trial. The government further states that the parties stated their objections during the deposition for the Court's subsequent consideration. The government has provided a video and transcript of the deposition for the Court's in camera review. In that transcript, the government has highlighted portions of Franklin's testimony, asking the Court to allow it to redact those portions "as

objections and other non-pertinent dialogue of the attorneys." ECF No. 141, at 2.  Defendant has responded, confirming that he agreed to Franklin's out-of-court testimony. ECF No. 144, at 1 ("Parker assented to the videotape deposition of Joshua Franklin in this matter because he and his counsel knew Mr. Franklin's disabilities and physical limitations.").[1]  In his response, Defendant states that he objects to all portions of Franklin's deposition testimony in which Franklin discusses "weaning" himself from prescription painkillers following the closure of Defendant's clinic.  Defendant further requests that if the Court sustains his objection and orders the government to redact the objected-to portions of Franklin's testimony, then the Court should also order the government to redact portions of Defendant's cross-examination regarding the same.  The government has replied to Defendant's response, arguing that the objected-to portions of Franklin's testimony are relevant and are not substantially outweighed by their prejudicial nature.  ECF No. 148.

In support of Defendant's argument that the Court should sustain his objections and exclude the objected-to portions of Franklin's deposition, Defendant cites Federal Rules of Evidence 407, 401, 402, and 403, along with *Ruan v. United States*, 142 S. Ct. 2370 (2022).  ECF No. 144, at 2.  The Court begins with consideration of Rule 407, which provides that evidence of subsequent remedial measures is not admissible to prove culpable conduct.  Fed. R. Evid. 407.

While it is true that the Federal Rules of Evidence apply to both civil and criminal cases, Rule 407 is designed for civil actions.  *See Ragan v. Stafford*, No. 4:16-cv-4097, 2017 WL 4764620, at *6 (W.D. Ark. Oct. 20, 2017) ("This rule furthers the social policy of encouraging 'tortfeasors to undertake corrective measures on potentially dangerous conditions without fear that subsequent remedial actions will be used as evidence that the tortfeasors' prior actions were negligent.'" (citation

---

[1]Federal Rule of Evidence 804 "provides that the hearsay rule does not apply to testimony of an unavailable witness if the testimony 'was given as a witness at a . . . lawful deposition . . . . and . . . is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or redirect examination.'"  *Lehman Bros. Holdings, Inc. v. Nat'l Bank of Ark.*, 875 F. Supp. 2d 911, 922 (E.D. Ark. 2012) (alterations in original) (quoting Fed. R. Evid. 804(b)(1))).  The parties agree that Franklin is unavailable for the purposes of Rule 804 (*see* ECF Nos. 141, 144), so the Court must only determine what redactions must be made, if any.

omitted).  Defendant does not cite any authority supporting his argument that Rule 407 can be utilized by a criminal defendant to prevent the government from introducing deposition testimony against him, and following an exhaustive search, the Court cannot find an instance in which Rule 407 has been used in the way that Defendant proposes.  *Cf. United States v. Gallagher*, No. 89-00272, 1990 WL 52722, at *1 (E.D. Penn. Apr. 24, 1990) ("The court finds no legal authority or policy reasons supporting application of Rule 407 in a criminal action, and concludes that it is inapplicable.").  Instead, Eighth Circuit law exclusively contemplates Rule 407 within the context of a civil action.  *See, e.g.*, *Buchanna v. Diehl Mach., Inc.*, 98 F.3d 366, 370 (8th Cir. 1996) (considering Rule 407 in products liability action); *Bizzle v. McKesson Corp.*, 961 F.2d 719, 121-22 (8th Cir. 1992) (same); *Porchia v. Design Equip. Co.*, 113 F.3d 877, 880 (8th Cir. 1997) (same).

 Further, even assuming that a criminal defendant *can* rely on Rule 407, it is simply inapplicable here.  "Rule 407 applies only to subsequent remedial measures taken voluntarily *by the defendant*."  *Raymond v. Raymond Corp.*, 938 F.2d 1518, 1524 (1st Cir. 1991); *see also O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1204 (8th Cir. 1990) (explaining that Rule 407 does not apply to evidence of remedial actions undertaken by third party).  The government is seeking to introduce testimony from one of Defendant's former patients regarding that patient's experience with addiction and with weaning himself from painkillers.  Therefore, because the government is not seeking to introduce testimony regarding a subsequent remedial measure taken by Defendant, the Court finds that Rule 407 does not preclude the government's admission of the objected-to portions of Franklin's testimony.

 The Court also finds that Rules 401, 402, and 403 do not preclude admission.  Defendant argues that the objected-to testimony is irrelevant (under Rules 401 and 402) and prejudicial (under Rule 403) because, pursuant to *Ruan*, 142 S. Ct at 2382, the only question that the jury must answer is "what Parker knew and did ***at the time he treated Mr. Franklin***."  ECF No. 144, at 2-3.  "Rule 401 of the Federal Rules of Evidence defines relevant evidence as: 'evidence having any tendency to make the

3

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Eckmann*, 656 F.2d 308, 312 (8th Cir. 1981) (quoting Fed. R. Evid. 401).  Rule 402 provides, in relevant part, that "[i]rrelevant evidence is not admissible."  Fed. R. Evid. 402.  Finally, "[e]ven if evidence is relevant, the trial court 'may exclude [it] if its probative value is substantially outweighed by a danger of,' inter alia, 'confusing the issues' or 'misleading the jury.'"  *United States v. Baez*, 983 F.3d 1029, 1043 (8th Cir. 2020) (second alteration in original) (quoting Fed. R. Evid. 403).

To determine if the objected-to testimony is relevant, the Court must first look to the elements of the crimes charged.  The Supreme Court has provided that "for purposes of a criminal conviction under § 841, this requires proving that a defendant knew or intended that his or her conduct was unauthorized."  *Ruan*, 142 S. Ct. at 2382.  As the Court stated in its September 15, 2022 Order (ECF No. 136), the government must establish, beyond a reasonable doubt, that Defendant:

> was acting outside the bounds of professional medical practice, as his authority to prescribe controlled substances was being used not for treatment of a patient, but for the purpose of assisting another in the maintenance of a drug habit or of dispensing controlled substances for other than a legitimate medical purpose.

*United States v. Katz*, 445 F.3d 1023, 1028 (8th Cir. 2006) (citation omitted).

The Court finds that the objected-to testimony is relevant, in accordance with Rules 401 and 402.  Franklin's testimony that he had to wean himself from painkillers following the conclusion of Defendant's treatment of him is probative of the fact that Franklin either became addicted to painkillers while in Defendant's care or that Franklin became an addict prior to Defendant's treatment of him but was nevertheless prescribed painkillers by Defendant.  Either way, the objected-to testimony has a "tendency to make the existence" of the fact that Defendant was "assisting another in the maintenance of a drug habit" or was "dispensing controlled substances for other than a legitimate medical purpose" "more probable . . .  than it would be without the evidence."  *See Eckmann*, 656 F.2d at 312 (8th Cir. 1981) (quoting Fed. R. Evid. 401); *Katz*, 445 F.3d at 1028 (citation omitted).  Therefore, insofar as

Rules 401 and 402 require evidence to be relevant to be admissible, the objected-to testimony satisfies this standard.

Moreover, in finding that Franklin's testimony regarding his addiction and recovery is relevant, the Court looks to the many other courts that have considered evidence of a patient's addiction relevant to the question of whether the defendant-doctor acted outside the bounds of professional medical practice. For example, in *United States v. McIver*, the Fourth Circuit explained that "evidence regarding a departure from a generally recognized standard-of-care is not inherently impermissible," but rather, "may support an inference that a physician is acting as a dealer of drugs rather than a provider of care." 470 F.3d 550, 560-61 (4th Cir. 2006). Then, in *United States v. Tran Trong Cuong*, the Fourth Circuit looked to evidence that several of the defendant-doctor's patients "were obviously addicted to narcotics or other drugs when they came to [the defendant-doctor] or they became addicted as a result of his continuing to prescribe drugs for them." 18 F.3d 1132, 1140 (4th Cir. 1994). Similarly, in *United Sates v. Martinez*, the Sixth Circuit found that the evidence was sufficient to sustain the defendant-doctor's conviction, noting that trial testimony revealed that a patient "became addicted to narcotics as a result of [the defendant-doctor's] fraudulent prescriptions." 588 F.3d 301, 323 (6th Cir. 2009).[2]

Further, Rule 403 does not necessitate the exclusion of the objected-to testimony. Defendant does not explain why Rule 403 precludes the admission of the objected-to testimony, stating only that the testimony is "prejudicial." ECF No. 144, at 2. However, "Rule 403 does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is *unfairly* prejudicial." *United States v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008) (citation omitted). Additionally, the Court maintains significant discretion in admitting or

---

[2] Although, in those cases, the courts were not considering a pretrial motion in limine as the Court is here, those cases nevertheless indicate that other courts have found evidence of a patient's addiction and recovery to be relevant in cases where a medical provider is charged pursuant to 21 U.S.C. § 841.

excluding evidence under Rule 403. *See United States v. Condon*, 720 F.3d 748, 754-55 (8th Cir. 2013). Without additional explanation from Defendant and in light of the testimony's relevance to the elements of the crimes charged, the Court finds that the objected-to testimony should not be excluded from the jury but, rather, may be admitted by the government, assuming that a proper foundation is laid.

### 2. Motion in Limine

On September 21, 2022, Defendant filed his Motion in Limine (ECF No. 145), asking the Court to prohibit the government from eliciting any testimony or admitting any evidence regarding cash payments paid by patients for visits to Defendant's medical clinic. Defendant also asks the Court to prohibit the government from arguing that cash payments are indicative of the fact that Defendant was operating a "pill mill." ECF No. 145, at 4. In its response, the government argues that evidence of cash payments is relevant and admissible and that, to the extent that Defendant seeks to bar any reference to his prior conviction, evidence of that conviction is admissible pursuant to Rule 609(b) or, alternatively, Rule 404(b). ECF No. 149.

Resolution of Defendant's Motion in Limine requires an understanding of his criminal history. In 2000, following a trial in the United States District Court for the Eastern District of Arkansas, a jury convicted Defendant of possessing child pornography in violation of federal law, and Defendant was subsequently required to register as a sex offender on the Federal Bureau of Investigation's National Sex Offender Registry. *See United States v. Parker*, 267 F.3d 839 (8th Cir. 2001); *Parker v. Selig*, No. 4:13-cv-00538, 2013 WL 12120264 (E.D. Ark. Nov. 14, 2013). Then, in 2013, the Arkansas Legislature enacted a law that provides:

> If a court has entered an order requiring a person to register as a sex offender or if the person is listed in the Federal Bureau of Investigation's National Sex Offender Registry, the United States Department of Justice Dru Sjodin National Sex Offender Public Website, or both, the person shall not provide goods or services under the Arkansas Medicaid Program.

Ark. Code Ann. § 12-12-927. Now, Defendant argues that "if . . . the Government elicits evidence

6

about Dr. Parker's receipt of cash payments for services in support of its claim that Dr. Parker was operating a 'pill mill,' this testimony and argument will cause Dr. Parker to have to elicit irrelevant and prejudicial evidence," namely, his 2000 conviction. ECF No. 145, at 3. Defendant cites to Federal Rules of Evidence 609, 401, 402, and 403. ECF No. 145, at 2-3. The government seeks to use evidence of Defendant's conviction as impeachment evidence pursuant to Rule 609, contending that "[i]f [Defendant] chooses to testify," then his credibility "will be an issue of vital importance . . . particularly considering his defense that he had a sincere belief that his medications were properly prescribed." ECF No. 149, at 2. The government also relies on Rule 404(b), arguing that because Defendant was, as a convicted sex offender, unable to accept Arkansas Medicaid payments, he therefore "designed alternative sources of revenue," namely "overprescri[bing] narcotic medications." ECF No. 149, at 3. This, in the government's view, is proof of Defendant's knowledge, motive, or intent.

"Whether evidence of a prior conviction should be admitted is left to the discretion of the trial court." *United States v. Swanson*, 9 F.3d 1354, 1356 (8th Cir. 1993). The government may admit "evidence of a criminal conviction" pursuant to Rule 609 if the purpose of that evidence is to "attack[] a witness's character for truthfulness." Fed. R. Evid. 609(a). However, where the government seeks to admit evidence of a prior criminal conviction that is greater than ten (10) years old, that evidence is only admissible where "its probative value . . . substantially outweighs its prejudicial effect" and where the government provides the defendant with "reasonable written notice of the intent to use [the conviction] so that the [defendant] has a fair opportunity to contest its use." Fed. R. Evid. 609(b).

Alternatively, Federal Rule of Evidence 404(b) prohibits the admission of evidence of a defendant's prior criminal conviction for propensity purposes. *See* Fed. R. Evid. 404(b)(2); *see also United States v. Vaca*, 38 F.4th 718, 721 (8th Cir. 2022) ("[O]ther bad acts are inadmissible 'to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.' What this means is that propensity evidence is out of bounds: using another bad act to show that an individual is likely to do the same thing again in the future." (citations omitted)). This

rule "reflects the common-law tradition that seeks to avoid 'overpersuad[ing] [the jury] as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge.'" *United States v. Drew*, 9 F.4th 718, 722 (8th Cir. 2021) (alterations in original) (quoting *Old Chief v. United States*, 519 U.S. 172, 181 (1997)).   However, Rule 404(b) permits the admission of such evidence where the government admits the evidence for a non-propensity purpose, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. 404(b)(2).  The evidence must be "relevant to a material issue," "similar in kind and not overly remote in time to the charged offense," and "support[ed] by sufficient evidence," and "its potential prejudice [cannot] substantially outweigh its probative value."  *United States v. Shelledy*, 961 F.3d 1014, 1022 (8th Cir. 2020) (citation omitted).   "It is always possible, of course, that a jury might use properly admitted evidence of a defendant's conduct in the way prohibited by Rule 404(b). When the risk of such use is too high, the evidence can be excluded altogether."  *United States v. Maxwell*, 643 F.3d 1096, 1101 (8th Cir. 2011) (citation omitted).

"In a criminal setting, evidence offered under Rule 404(b) is substantive evidence against the accused, i.e., it is part of the government's case offered to prove his guilt beyond a reasonable doubt." *United States v. Valencia*, 61 F.3d 616, 619 (8th Cir. 1995).  Alternatively, evidence admitted pursuant to Rule 609 "has to do with the accused's ability to tell the truth when testifying on his . . . own behalf." *Id.*  Stated differently, "[t]he probative character of evidence under Rule 609 has to do with credibility of the witness, while 404(b) 'probativeness' essentially goes to the question of whether or not the accused committed the crime charged."  *Id.*  Notably, Rule 609(b), unlike Rule 404(b), "effectively establishes 'a rebuttable presumption against the admissibility of prior convictions more than ten years old.'" *United States v. Stoltz*, 683 F.3d 934, 939-40 (8th Cir. 2012) (citation omitted).  Therefore, "stale convictions 'should be admitted very rarely and only in exceptional circumstances.'"  *Id.* (citation omitted).

The Court finds that the government may not introduce evidence of Defendant's 2000

conviction unless Defendant first opens the door.  *See, e.g.*, *Valencia*, 61 F.3d at 618-19 (finding no abuse of discretion where district court prohibited government from introducing evidence of defendant's past conviction pursuant to Rule 404(b) but allowed the government's introduction of such evidence pursuant to Rule 609(b) after the defendant admitted to the prior conviction on direct examination and "in effect opened the door for the government's cross-examination").  First, assuming that Defendant testifies and the government wishes to impeach Defendant's credibility, Defendant's conviction is greater than ten years old and its probative effect does not "substantially outweigh[] its prejudicial effect."  Fed. R. Evid. 609(b).  In fact, the government offers little explanation as to why evidence of Defendant's past conviction is probative, stating only that the evidence is probative of Defendant's credibility, "an issue of vital importance."  ECF No. 149, at 2.  However, the fact that Defendant was convicted for child pornography in 2000 is hardly probative of his truth-telling ability in the instant case, where he is charged with distributing controlled substances.  Additionally, evidence of crimes against children, like Defendant's child pornography conviction, could invoke strong feelings among jurors, especially where the pornography possessed by Defendant was sadistic in nature, according the Eighth Circuit.  *See Parker*, 267 F.3d at 847.  Stated differently, the introduction of evidence of Defendant's conviction is likely to provoke the jurors' emotions, enticing them to convict Defendant of the instant charged offenses not on the weight of the evidence against him but based on the shocking nature of his past crime.  Thus, the Court finds that the risk of unfair prejudice substantially outweighs any probative value, which is, in the Court's view, quite limited.  Therefore, evidence of Defendant's prior conviction cannot be admitted pursuant to Rule 609.

The Court finds that evidence of Defendant's prior conviction is also not admissible pursuant to Rule 404(b).  The Court reaches this conclusion primarily based on the third factor of the applicable Rule 404(b) inquiry, which requires that the evidence be "similar in kind and not overly remote in time to the charged offense."  *Shelledy*, 961 F.3d at 1022.  The government argues that evidence of Defendant's prior conviction is probative of Defendant's knowledge, motive, and intent (and therefore

admissible pursuant to Rule 404(b) for non-propensity purposes) because it shows that he was unable to accept Arkansas Medicaid pursuant to Ark. Code Ann. § 12-12-927 and was "required . . . to find alternate sources of revenue for his practice."  ECF No. 149, at 3.  However, Defendant's past crime (possession of child pornography) is entirely different from the charges that Defendant currently faces (distribution of controlled substances), and, in the Court's view, is not probative of whether he was operating a "pill mill," as the government alleges.  Although it is true that prior acts "need not be duplicates" to be admissible pursuant to Rule 404(b), they must be "sufficiently similar to support an inference of criminal intent."  *United States v. Thomas*, 398 F.3d 1058, 1063 (8th Cir. 2005) (citation omitted).  That is simply not the case here.  The government strains to extrapolate non-propensity value from Defendant's prior conviction and is unable to overcome the "rebuttable presumption against the admissibility of prior convictions more than ten years old."  *Stoltz*, 683 F.3d at 939-40 (citation omitted).  Therefore, the Court finds that evidence of Defendant's past conviction is not admissible pursuant to Rule 404(b).

However, that is not to say that the government may not admit evidence of Defendant's receipt of cash payments.  Defendant argues that the Court should exclude evidence of cash payments pursuant to Rule 401, 402, and 403.  As previously explained, "Rule 401 of the Federal Rules of Evidence defines relevant evidence as: 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  *Eckmann*, 656 F.2d at 312 (quoting Fed. R. Evid. 401)).  Rule 402 provides that "[i]rrelevant evidence is not admissible."  Fed. R. Evid. 402.  Finally, Rule 403 provides that "[e]ven if evidence is relevant, the trial court 'may exclude [it] if its probative value is substantially outweighed by a danger of,' inter alia, 'confusing the issues' or 'misleading the jury.'"  *Baez*, 983 F.3d at 1043 (second alteration in original) (quoting Fed. R. Evid. 403)).

Contrary to Defendant's position, the Court finds that evidence of cash payments is relevant. To convict Defendant, the government must prove beyond a reasonable doubt that Defendant:

was acting outside the bounds of professional medical practice, as his authority to prescribe controlled substances was being used not for treatment of a patient, but for the purpose of assisting another in the maintenance of a drug habit or of dispensing controlled substances for other than a legitimate medical purpose.

*Katz*, 445 F.3d at 1028 (citation omitted).  The government has filed a Notice of Intent to Offer Drug Trafficking Expert Trial Testimony (ECF No. 143), in which it explains that it intends to offer testimony from Drug Enforcement Administration Diversion Investigator (DI) Shelli Chupik.  ECF No. 143.  The government further states that it

anticipates that DI Chupik will testify about common practices and characteristics of medical clinics operating for the purpose of profiting from prescribing medication outside the scope of legitimate medical practice . . . . DI Chupik is expected to testify that such medical clinics have common characteristics, including . . . [that those clinics] are cash only and do not accept medical insurance.

ECF No. 143, at 3.  The government's Notice of Intent (ECF No. 143) makes clear that the government intends to rely on evidence of cash payments in conjunction with expert testimony to demonstrate that Defendant was operating outside the scope of legitimate medical practice, an element of the crimes charged.  *See Katz*, 445 F.3d at 1028.  Thus, because evidence of cash payments has a "tendency to make the existence of [a] fact that is of consequence to the determination of the action more probable . . . than it would be without the evidence," the evidence is relevant.  *See* Fed. R. Evid. 401.

Looking to Rule 403, Defendant presents no meaningful argument as to why evidence of cash payments should be excluded pursuant to Rule 403.  As the Court previously stated, relevant evidence is not excluded by Rule 403 simply because it is prejudicial to the defendant's case; instead, "[t]he rule protects against evidence that is *unfairly* prejudicial."  *Betcher*, 534 F.3d at 825.  Although Defendant summarily states that "any probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues[,] and misleading the jury," he fails to explain why.  Therefore, the Court, in its considerable discretion, *see Condon*, 720 F.3d at 754-55, finds that Rule 403 does not preclude the admission of evidence regarding cash payments.  And, in reaching this conclusion, the Court is accompanied by other courts across the country that have allowed the government to introduce

evidence of cash payments as proof that the defendant-doctor was acting outside the bounds of professional medical practice. *See, e.g.*, *United States v. Godofsky*, 943 F.3d 1011, 1015 (6th Cir. 2019); *United States v. King*, 898 F.3d 797, 803 (8th Cir. 2018); *United States v. Oti*, 872 F.3d 678, 684-85 (5th Cir. 2017); *United States v. Azmat*, 805 F.3d 1018, 1027 (11th Cir. 2015); *United States v. Guzman*, 571 F. App'x 356, 357-58 (6th Cir. 2014).

## II. CONCLUSION

Accordingly, the government's Motion for Admittance of Deposition Testimony at Trial (ECF No. 141) is hereby **GRANTED**. The government should redact the following portions of Franklin's deposition, which contain Defendant's objections and other non-pertinent dialogue between the attorneys:

- Page 5, lines 6-12;
- Page 6, lines 16-23;
- Page 12, line 25;
- Page 13, lines 1-4;
- Page 15, lines 22-25;
- Page 39, lines 11-14; and
- Page 45, lines 16-23.

Further, Defendant's Motion in Limine (ECF No. 145) is hereby **GRANTED** insofar as he seeks to bar the government from introducing evidence of his 2000 conviction pursuant to Rules 609(b) and 404(b). However, Defendant's Motion in Limine (ECF No. 145) is hereby **DENIED** insofar as he seeks to bar the government from introducing evidence of cash payments.

**IT IS SO ORDERED**, this 5th day of October, 2022.[3]

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] The Court's findings contained in the instant Order are, of course, based on the assumption that any evidence introduced by either party will be supported by a proper foundation. *See United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974) ("Of course, a proper foundation must be laid for the introduction of the evidence."). Further, although the instant Order prohibits the government from introducing evidence of Defendant's past conviction, as previously stated, that finding is subject to change should Defendant "open the door" to questioning concerning his prior conviction. *See, e.g.*, *Valencia*, 61 F.3d at 618-19.