UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 4:19CR40018 SOH |
| | ) |
| LONNIE JOSEPH PARKER | ) |

**THE UNITED STATES OF AMERICA'S**
**MOTION TO EXCLUDE DEFENSE EXPERT TESTIMONY**

The United States of America, by David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and Special Assistant United States Attorney Anne E. Gardner, submits the following Motion to Exclude Defense Expert Testimony.

On November 12, 2019, the United States requested notice of expert testimony from the defense under Federal Rules of Evidence, Rules 702, 703, and 705. The United States complied with the defendant's request for disclosure of expert testimony on or about February 4, 2021. The defense has had access to the reports of Dr. Rubenstein and Dr. Palmer for approximately 18 months.

A defendant has a duty to provide a written summary of any expert testimony it plans to use at trial under Rules 702, 703, or 705 of the Rules of Evidence if the defendant has requested disclosure under Fed. R. Crim. P. 16(a)(1)(G) and the government complies. Fed. R. Evid. 16(b)(1)(C). The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Precluding the defendant from offering the evidence at trial is an appropriate sanction for failing to abide by the disclosure requirement. *See United States v. Barile*, 286 F.3d 749, 759 (4th Cir. 2002) ("Rule 16(d)(2) specifically allows the district court to 'prohibit the party [who does not comply with the discovery rules] from introducing evidence not disclosed.' *See* Fed.R.Crim.P. 16(d)(2). Because Barile did not give a proper summary of

Sheridan's opinion on materiality, failing to give the bases and reasons for his opinions, the district court's exclusion of this portion of his testimony is an acceptable remedy under the rule."); *see also United States v. Hawthrone*, 759 F. App'x 765, 770 (11th Cir. 2018) (holding that the district court did not abuse its discretion by precluding a defendant from introducing evidence from an expert when the defendant failed to abide by Rule 16's disclosure requirements).

At the beginning of October 2022, the defense indicated that it intends to call at least two expert witnesses. To date, the United States has not received a formal notice of the names and contact information for these witnesses, nor has it received any reports describing the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications. The trial in this case is less than a week away. The United States has limited access to its own experts from this time forward and will not be able to have its experts review any proposed defense expert testimony. This leaves the United States in a position that it cannot address on direct or rebut any expert witness called in the defense case in chief. Therefore, the United States requests that the defense be precluded from offering expert witness testimony, as it has failed to abide by the disclosure rules, thus prejudicing the United States' ability to appropriately prepare for and respond to such testimony.

WHEREFORE, the United States respectfully requests that the defense be precluded from offering expert witness testimony in its case in chief.

> DAVID CLAY FOWLKES
> UNITED STATES ATTORNEY
>
> By: /s/ Anne E. Gardner
> ANNE E. GARDNER
> Special Assistant United States Attorney
> P.O. Box 1229
> Little Rock, Arkansas 72203
> (501) 340-2600
> Anne.Gardner2@usdoj.gov