IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                    Case No. 4:19-cr-40018

LONNIE JOSEPH PARKER                                                          DEFENDANT

# ORDER

Before the Court is the government's Motion to Exclude Defense Expert Testimony. ECF No. 152. No response is necessary, and the Court finds the matter ripe for consideration.

The government states that on November 12, 2019, it requested notice of expert testimony from Defendant Lonnie Joseph Parker pursuant to Federal Rules of Evidence 702, 703, and 705. On February 4, 2021, the government disclosed to Defendant its intent to call two expert witnesses, giving Defendant "access to the reports of [the government's two expert witnesses] for approximately 18 months." ECF No. 152, at 1. According to the government, Defendant has stated that he plans to call at least two expert witnesses but has not provided any "formal notice of the names and contact information for these witnesses," "reports describing the witnesses' opinions," "the bases and reasons for those opinions," or "the witnesses' qualifications." ECF No. 152, at 2. Therefore, the government argues, the Court should preclude Defendant from offering any expert witness testimony. ECF No. 152, at 2.

"Decisions concerning the admissibility of expert testimony lie within the broad discretion of the trial court . . . ." *United States v. Ricker*, 983 F.3d 987, 996 (8th Cir. 2020) (citation omitted). Federal Rule of Criminal Procedure 16(b)(1)(C)(i) provides that "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence

at trial if . . . the defendant requests disclosure under subdivision (a)(1)(G) and the government complies." The government states that Defendant *did* request disclosure pursuant to Rule 16(a)(1)(G) and the government *did* comply with Defendant's request, so Defendant is therefore required to provide a written summary of any expert testimony that he intends to use.

The Court agrees with the government that Defendant must provide a written summary of any expert testimony that he intends to use, in accordance with Rule 16(b)(1)(C)(i). However, Rule 16 does not set forth the *time* for providing notice, and the Court did not impose a deadline for disclosing experts. *See Ricker*, 983 F.3d at 996-97. That, coupled with the fact that this is a complex criminal trial and that the government waited until the eve of trial to bring Defendant's lack of notice to the Court's attention, dissuades the Court from altogether prohibiting Defendant from offering expert witness testimony. *See Murphy v. Gospel for Asia, Inc.*, No. 5:17-cv-5035, 2018 WL 2676681, at *8 (explaining that although the Court might be justified in imposing an "extreme" sanction proposed by a party, "courts should impose sanctions no more drastic than those actually required to protect the rights of other parties" (citation omitted)). However, the Court also agrees with the government that without any disclosures from Defendant, the government is unable to "appropriately prepare for and respond to such testimony." ECF No. 152, at 2.

Therefore, the government's motion (ECF No. 152) is hereby **DENIED** insofar as the government seeks to preclude Defendant from offering expert witness testimony. However, the Court may grant appropriate relief at any time to regulate discovery, including ordering the noncompliant party to permit discovery, prohibiting the noncompliant party from introducing undisclosed evidence, or entering "any other order that is just under the circumstances." Fed. R. Crim. P. 16(d). Therefore, Defendant is hereby **DIRECTED** to provide the government with a

written summary of any expert testimony that he intends to introduce pursuant to Rules 702, 703, or 705. *See* Fed. R. Crim. P. 16(b)(1)(C)(i). "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). Defendant must make this disclosure by **10:00 A.M. on Friday, October 14, 2022**. The Court will exclude the testimony of any expert witness not disclosed to the government by 10:00 AM on Friday, October 14, 2022. *See* Fed. R. Crim. P. 16(d). Additionally, if Defendant's written summary is incomplete or if, after receiving Defendant's written summary, the government does not have sufficient time to evaluate the proposed testimony, the Court will entertain a motion to continue filed by the government to avoid prejudicing the government.

**IT IS SO ORDERED**, this 13th day of October, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

3