IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                         Case No. 4:19-cr-40018

LONNIE JOSEPH PARKER                                                        DEFENDANT

**ORDER**

Before the Court is Defendant Lonnie Joseph Parker's Motion for New Trial.  ECF No. 196.  The government has responded.  ECF No. 199.  Thus, the matter is ripe for the Court's consideration.

**I. BACKGROUND**

On October 28, 2022, a jury returned a guilty verdict against Defendant on two counts of distribution of a Schedule II controlled substance without an effective prescription, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and two counts of distribution of a Schedule V controlled substance without an effective prescription, in violation of 21 U.S.C. § 841(a)(1), (b)(3).  During trial and on October 18, 2022, Shelli Chupik, a diversion investigator for the Drug Enforcement Administration (DEA), testified.  As is relevant to Defendant's instant motion, Chupik testified regarding the 2016 Center for Disease Control (CDC) Guidelines (the 2016 Guidelines) and the Arkansas State Medical Board's regulations.  Also during trial and on October 18, 2022, the government called Dr. Mark Rubenstein as an expert witness.  Dr. Rubenstein is a medical practitioner and, like Chupik, testified regarding the 2016 Guidelines and the Arkansas State Medical Board's regulations.  Together, Chupik and Dr. Rubenstein's testimonies provided information regarding the morphine milligram equivalent (MME) dosage limits set forth by these guidelines and regulations.

On March 3, 2023, Defendant filed the instant motion. Relying on Federal Rule of Criminal Procedure 33, Defendant argues that he is entitled to a new trial because the CDC issued new guidelines in 2022 (the 2022 Guidelines), one week after the conclusion of his trial. Defendant contends that the 2022 Guidelines support his trial theory: a physician has *discretion* in deciding what medication (and how much of that medication) is appropriate for a particular patient. Defendant asserts that, at trial, the government relied on the 2016 Guidelines (which were "promulgated into law in the Regulations of the Arkansas State Medical Board") as the standard of medical care against which the jury was to assess Defendant's prescribing practices. ECF No. 196, at 4. In Defendant's view, if a jury was able to assess Defendant's practices using the 2022 Guidelines, that jury would conclude that Defendant "was writing lawful, socially beneficial prescriptions." ECF No. 196, at 9. Ultimately, Defendant maintains that "[t]he evaluation of the risks and benefits of opiate therapy is a matter of medical judgement [sic] and should not be dictated to doctors by the DEA through prosecution, and the CDC guidelines should not have been used against Dr. Parker at trial. As made clear by the 2022 guidelines." ECF No. 196, at 16.

The government opposes Defendant's request for a new trial and argues that "the 2022 CDC Guidelines are not newly discovered evidence that is material and would result in an acquittal upon retrial." ECF No. 199, at 1. In the government's view, the 2022 Guidelines are merely "recommendations for the medical community" and do not constitute newly discovered evidence within the meaning of Rule 33. ECF No. 199, at 2. Further, the government argues that the applicable standard of care is set forth by Arkansas Code Annotated § 17-95-201 and the Arkansas State Medical Board's regulations, which were admitted into evidence and referred to regularly by both parties. ECF No. 199, at 3-4. The government concludes by noting the fact that Defendant's motion is inherently contradictory, as he "argues on one hand that the 2016 CDC Guidelines 'should not have been used against [him] at trial,' but, on the other hand, argues that the 2022 CDC

2

Guidelines are material evidence that would result in an acquittal in a new trial." ECF No. 199, at 5 (citation omitted).  For the following reasons, the Court finds that Defendant's motion for a new trial should be denied.

## II. DISCUSSION

Rule 33 provides that "[u]pon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  More specifically, Rule 33 allows a district court to grant a new trial where evidence has newly been discovered.  Fed. R. Crim. P. 33(b).  Although Rule 33 does not itself define "newly discovered evidence," the Court finds Federal Rule of Evidence 401 instructive.  Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

"[T]he primary purpose of the newly discovered evidence rule is to afford relief when, 'despite the fair conduct of the trial, . . . facts unknown at the trial' make clear that 'substantial justice was not done.'"  *United States v. Ugalde*, 861 F.2d 802, 807 (5th Cir. 1988) (alteration in original) (citation omitted).  However, such motions are disfavored, *United States v. Glinn*, 965 F.3d 940, 942 (8th Cir. 2020), and "[a] defendant is not entitled to a new trial 'unless the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred,'" *United States v. Meeks*, 742 F.3d 838, 840 (8th Cir. 2014) (citation omitted).  The decision to grant or deny a party's Rule 33 motion is well within a district court's wide discretion, and "its decision will not be reversed on appeal except for a clear abuse of that discretion."  *Ferina v. United States*, 302 F.2d 95, 108 (8th Cir. 1962) (citation omitted).

The Eighth Circuit has set forth a five-prong test for courts to rely on when deciding whether to grant a Rule 33 motion.  *See, e.g.*, *United States v. Chappell*, 990 F.3d 673, 677 (8th

Cir. 2021). The five prongs are as follows:

> (1) the evidence was actually newly discovered since trial; (2) the moving party acted diligently; (3) the newly discovered evidence is neither merely cumulative nor impeaching; (4) the newly discovered evidence is material to the issues involved; and (5) it is probable that the newly discovered evidence would produce an acquittal.

*Id.* Satisfying these five prongs is a "heavy burden." *United States v. Johnson*, 721 F. App'x 140, 141 (3d Cir. 2018) (citation omitted). With these standards in mind, the Court turns to the parties' arguments.

By way of background, the 2016 Guidelines and Arkansas State Medical Board's regulations were not only admitted into evidence, but they were referenced regularly throughout the trial by both parties when discussing the applicable standard of care. They were also referenced in the agreed-upon jury instructions. *See* ECF No. 170, at 7 (describing "legitimate medical purpose" and "usual course of professional practice" as "acting in accordance with appropriate criteria for prescribing controlled substances in the State of Arkansas"). With this background in mind, Defendant's argument can be summarized as follows: the jury relied on the 2016 Guidelines as the applicable standard of care, and because the 2016 Guidelines *do not* recognize a physician's discretion in prescribing medication, a jury convicted Defendant; the 2022 Guidelines were issued shortly after Defendant's trial, and the 2022 Guidelines *do* recognize that a physician has discretion when prescribing medication; and Defendant is entitled to a new trial because, in light of the CDC's issuance of new guidelines, a jury should be able to consider those new guidelines and find that Defendant acted within his discretion in prescribing medication, namely oxycodone and promethazine HCl with codeine solution.

Although Defendant characterizes his motion as one advocating for a new trial based on newly discovered evidence, it is, in essence, a motion advocating for a new trial based on a change in the law. His argument is equivalent to an argument that a new trial is warranted based on a

recently issued judicial opinion, *United States v. Perrin*, No. 2:14-cr-205, 2019 WL 3997418, at *2 (W.D. Penn. Aug. 23, 2019), a recently issued administrative decision, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013), or a new legal theory, *United States v. Cook*, No. 3:10-cr-522, 2012 WL 1455217, at *2 (N.D. Ohio April 26, 2012), all of which do not qualify as "newly discovered evidence" within the meaning of Rule 33. "While the definition of 'evidence' under Rule 33 is certainly broad, it is not so broad as to include a change in the law." *United States v. Akins*, 1994 WL 148712, at *2 (N.D. Ill. April 12, 1994). Thus, if viewing Defendant's argument as a change-in-the-law argument, his motion must be denied, as he has not presented the Court with any newly discovered evidence.

Even if the Court assumes that the 2022 Guidelines *do* qualify as newly discovered evidence, denial of Defendant's instant motion is nevertheless appropriate because Defendant cannot satisfy the Eighth Circuit's five-prong test. *See Chappell*, 990 F.3d at 677. Specifically, Defendant cannot show that "it is probable that the newly discovered evidence would produce an acquittal." *Id.* "With regard to the fifth prong, the 'district court is required to make a credibility determination as part of its probability-of-acquittal' determination." *United States v. Wilson*, 624 F.3d 640, 663 (4th Cir. 2010) (quoting *United States v. Kelly*, 539 F.3d 172, 189 (3d Cir. 2008)). When determining whether the moving party has satisfied the fifth prong, "the district court cannot view the [new evidence] in a vacuum; it must weigh the [new evidence] against all of the other evidence in the record, including the evidence already weighed and considered by the jury in the defendant's first trial." *United States v. Rubashkin*, No. 08-cr-1324, 2010 WL 4362455, at *7 (N.D. Iowa Oct. 27, 2010) (first alteration in original) (citation omitted).

Here, over the course of eight days, the jury heard testimony from sixteen (16) witnesses. Among these witnesses were experts, former patients whose care was encompassed by the indictment, and former patients whose care was not encompassed by the indictment. Defendant

also testified.  Defendant testified regarding his clinical and prescribing practices, and he explained to the jury medical decisions that he made on behalf of patients whose care was charged in the indictment.  More specifically, Defendant explained why he prescribed certain MMEs to certain patients.  Additionally, the jury viewed dozens of exhibits, which included hundreds of pages of patient medical records, photographs from Defendant's medical clinic, and copies of patient care contracts executed between Defendant and his patients.[1]  The jury viewed the 2016 Guidelines, along with the Arkansas State Medical Board's regulations.  The jury instructions defined "legitimate medical purpose" and "usual course of professional practice" as "acting in accordance with the appropriate criteria for prescribing controlled substances in the State of Arkansas."  ECF No. 170, at 7.  During their almost eight-hour deliberation, the jury had access to every exhibit presented at trial.

When viewing the 2022 Guidelines alongside the substantial evidence presented in Defendant's October 2022 trial, the Court finds that Defendant has not shown that a new jury (with access to the 2022 Guidelines) would acquit Defendant of the crimes charged.  The jury in Defendant's October 2022 trial was presented with a copious amount of evidence and weighed that evidence against the standards of professional practice which were in place during the dates of the crimes charged.[2]  Ultimately, Defendant is not entitled to a new trial based on the CDC's issuance of the 2022 Guidelines.  *See Rubashkin*, 2010 WL 4362455, at *7; *Chappell*, 990 F.3d at 677.

---

[1]These lists of witnesses and exhibits presented at trial are not exhaustive.  A full list of witnesses and exhibits can be found in the record.  *See* ECF Nos. 171, 172, 173, 174.

[2]The Court notes that each of the charges in the Second Superseding Indictment pertain to Defendant's distribution and dispersal of controlled substances in the year 2018.  *See* ECF No. 114.  Thus, the Court notes that the 2016 Guidelines, *not the 2022 Guidelines*, were in effect when Defendant distributed the controlled substances charged in the indictment.

### III. CONCLUSION

Accordingly, for the foregoing reasons, Defendant's Motion for a New Trial (ECF No. 196) is hereby **DENIED**.

**IT IS SO ORDERED**, this 15th day of May, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
