UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. <u>4:19-CR-40018 SOH</u> |
| | ) |
| LONNIE JOSEPH PARKER | ) |

**<u>THE UNITED STATES OF AMERICA'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33</u>**

The United States of America, by David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and Special Assistant United States Attorney Anne E. Gardner, submits the following Supplemental Response in opposition to LONNIE PARKER's second motion for new trial. (*Doc. 206*).

**I.    BACKGROUND**

On June 15, 2022, the Grand Jury for the Western District returned a Second Superseding Indictment charging PARKER with five counts of violating 21 U.S.C. § 841. Following a trial, PARKER was found guilty on four of the five counts. *(Doc. 169)*. On March 3, 2023, PARKER's former counsel filed a motion for new trial, alleging that new evidence, in the form of guidelines from the Centers for Disease Control and Prevention, released after the trial had concluded, warranted a new trial. *(Doc. 196)*. This Court denied the motion on the basis that the guidelines did not constitute new evidence. *(Doc. 203)*.

Following the denial of PARKER's motion, PARKER retained new counsel who filed a second motion for new trial, contending that a new trial is warranted because an instruction given by this Court to the jury at trial was in error and his former counsel was ineffective for failing to object to the instruction and failing to file a timely motion under Rule 33 regarding the instruction.

*(Doc. 206)*. PARKER concedes that the motion was filed after the time period allowed in Federal Rule of Criminal Procedure 33. He contends that the untimely filing was due to excusable neglect, specifically the ineffective assistance he claims was provided by his former counsel. The United States responded to the Second Motion for New Trial on August 24, 2023. (*Doc. 207*) The United States respectfully files this Supplemental Response and requests that PARKER's motion be dismissed or, alternatively, denied.

II. **THE INSTRUCTION GIVEN BY THIS COURT WAS AN ACCURATE STATEMENT OF THE LAW.**

In *Ruan v. United States*, 142 S. Ct. 2370 (2022), "the Supreme Court ruled that, to establish mens rea, it is insufficient for the government to prove that a defendant acted without 'a legitimate medical purpose' or outside the 'usual course' of generally recognized 'professional practice.'" *United States v. Kahn*, 58 F.4th 1308, 1314 (11th Cir. 2023) (quoting, *Ruan v. United States*, 142 S. Ct. 2370, 2382 (2022)). "Proof that a defendant did so is 'circumstantial evidence' that may be used to prove knowledge of a lack of authorization." *Id*. The government's burden is to prove that the defendant "actually intended or knew that he or she was acting in an unauthorized way". *Id*. at 1315. "Certainly, 'the more unreasonable a defendant's asserted beliefs or misunderstandings are, especially as measured against objective criteria, the more likely the jury . . . will find the Government has carried its burden of proving knowledge.'" *Id*. at 1314. Circumstantial evidence and objective criteria, such as "legitimate medical purpose" and "usual course of professional practice" are often probative of the defendant's subjective knowledge and intent. *Id*. at 1314-15 (citing, *United States v. Fabode*, 2022 WL 16825408 at *6 (6th Cir. Nov. 8, 2022)).

PARKER seeks a new trial on the basis that Jury Instruction Number 6 was given in error because it states the wrong standard for convicting a physician of violating 21 U.S.C. § 841(a). In Jury Instruction Number 6, this Court instructed the jury as follows:

Counts One through Five charge the defendant with the unauthorized distribution of a Schedule II controlled substance (oxycodone) and a Schedule V controlled substance (promethazine with codeine solution). These crimes have three essential elements, which are:

*One*, the defendant knowingly or intentionally distributed the controlled substance on or about the date charged;

*Two*, the defendant knew at the time of distribution that the oxycodone or the promethazine with codeine solution was a controlled substance; and

*Three*, the defendant knowingly or intentionally distributed the substance without a legitimate medical purpose outside the usual course of professional practice.

Now I will provide more detailed instructions on these terms. You are instructed that:

(A) Oxycodone is a controlled substance within the meaning of the law. Promethazine with codeine solution is a Schedule V controlled substance within the meaning of the law.

(B) The term "distribute" means the delivery or transfer of a controlled substance. This term includes the writing or issuing of a prescription.

(C) The term "intentionally" means that the act was done deliberately.

(D) The term "knowingly" means that the individual understands the nature of his conduct and has not acted through ignorance, mistake, or accident.

(E) The terms "legitimate medical purpose" and "usual course of professional practice" mean acting in accordance with appropriate criteria for prescribing controlled substances in the State of Arkansas. You have heard testimony about what constitutes the usual course of professional practice and legitimate medical purpose for the prescription of controlled substances in the State of Arkansas, and you are to weigh that evidence in the same way you would weigh any other evidence in this case.

In considering whether the defendant issued a prescription without a legitimate medical purpose and not in the usual course of professional practice, you may consider all the defendant's actions and the circumstances surrounding them.

For you to find the defendant guilty, the government must prove beyond a reasonable doubt that, at the time he issued the controlled substance prescription, he knew that he was acting or he intended to act without a legitimate medical purpose and outside the usual course of professional practice.

> If you unanimously find that the government has proven each of these elements beyond a reasonable doubt as to each of the counts charged in Counts One through Five, then you must find the defendant guilty of the crime charged in that particular count. Record your determination on the Verdict Forms, which will be submitted to you with these instructions.

The jury instruction squarely complies with the subjective intent mens rea required by *Ruan*. See, *Ruan v. United States*, 142 S. Ct. 2370 (2022).

However, PARKER takes issue with the paragraph defining "legitimate medical purpose" and "usual course of professional practice," claiming that it was error for the terms to be based on state regulations, as opposed to a national standard of care. PARKER's assertion that the Supreme Court has mandated the use of a national standard of medical practice in prosecutions under § 841 is not supported by the case law, as set out in the United States' Response. (Doc. 207). The decision in *Ruan*, did not alter the law with regard to this issue. In *Ruan*, the Court held that "once a defendant meets the burden of producing evidence that his or her conduct was 'authorized'" under § 841(a), "the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." 142 S.Ct. at 2376. The holding in *Ruan* speaks to the mens rea required for a physician-defendant to be found guilty of violating § 841(a). The discussion of the scienter requirement in *Ruan* does not set a national standard of care to be followed when providing the jury proof of "objective criteria," such as a legitimate medical purpose or what constitutes the usual course of professional practice. Moreover, practical application of the holding in *Ruan* points toward the advisability of offering to the jury evidence of state statutes, medical practice regulations, and expert testimony from which they can determine whether the physician acted with legitimate medical purpose within the usual course of professional practice, as there is no single national standard of care governing a physician's practice.

The challenged instruction in this case makes reference to "appropriate criteria for prescribing controlled substances in the State of Arkansas." PARKER's motion reads as though he believes those criteria were limited to Arkansas state medical regulations. However, the United States' evidence of the standard of care under which PARKER's prescribing was judged included the Arkansas Intractable Pain Act, the corresponding Arkansas State Medical Regulations in effect at the time of the offense, expert testimony, and facts and circumstances surrounding the prescriptions issued. To the extent PARKER's argument is premised on the idea that he was convicted of a federal offense solely based on alleged violations of state medical regulations, his argument is in error. The state regulations were one piece of evidence for the jury to consider in determining whether PARKER acted with a legitimate medical purpose in the usual course of professional practice when issuing the prescriptions charged in the indictment. State regulations have been admitted as "objective criteria" evidence of a standard of care in similar cases. See, *United States v. Germeil*, 2023 WL 1991723 at *3 (11th Cir., February 14, 2023); *United States v. Siao*, 2023 WL 7462627 at *14-15 (N.D. Cal., November 9, 2023). PARKER has failed to demonstrate that Jury Instruction 6 is an incorrect statement of the law, and PARKER's formal counsel was not ineffective for not raising an objection to it at trial.

WHEREFORE, the United States respectfully requests that PARKER's motion for new trial (*Doc. 206*) be dismissed or, alternatively, denied.

        DAVID CLAY FOWLKES
        UNITED STATES ATTORNEY

        By: /s/ Anne E. Gardner
        ANNE E. GARDNER
        Special Assistant United States Attorney
        P.O. Box 1229
        Little Rock, Arkansas 72203
        (501) 340-2600
        Anne.Gardner2@usdoj.gov