UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. <u>4:19-CR-40018 SOH</u> |
| | ) |
| LONNIE JOSEPH PARKER | ) |

**THE UNITED STATES OF AMERICA'S SECOND SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR NEW TRIAL AND REQUEST FOR SENTENCING**

The United States of America, by David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and Special Assistant United States Attorney Anne E. Gardner, submits the following Second Supplemental Response in opposition to LONNIE PARKER's second motion for new trial. (*Doc. 206*).

**I.    BACKGROUND**

On June 15, 2022, the Grand Jury for the Western District returned a Second Superseding Indictment charging PARKER with five counts of violating 21 U.S.C. § 841. On October 28, 2022, a jury found PARKER guilty on four of the five counts. *(Doc. 169)*. On March 3, 2023, PARKER's former counsel filed a motion for new trial, alleging that new evidence, in the form of guidelines from the Centers for Disease Control and Prevention, released after the trial had concluded, warranted a new trial. *(Doc. 196)*. This Court denied the motion on the basis that the guidelines did not constitute new evidence. *(Doc. 203)*.

Following the denial of PARKER's motion, PARKER retained new counsel who, on August 10, 2023, filed a second motion for new trial, contending that a new trial is warranted because an instruction given by this Court to the jury at trial was in error and PARKER's former counsel was ineffective for failing to object to the instruction and failing to file a timely motion

1

under Rule 33 regarding the instruction. *(Doc. 206)*. PARKER concedes that the motion was filed after the time period allowed in Federal Rule of Criminal Procedure 33. He contends that the untimely filing was due to excusable neglect, specifically the ineffective assistance he claims was provided by his former counsel. The United States filed a response to the Second Motion for New Trial on August 24, 2023 (*Doc. 207*), as well as a Supplemental Response on February 21, 2024. (*Doc. 209*). The United States respectfully files this Second Supplemental Response, requests that PARKER's motion be dismissed or, alternatively, denied, and most respectfully requests that the matter be set for sentencing.

## II.     THE INSTRUCTION GIVEN BY THIS COURT WAS AN ACCURATE STATEMENT OF THE LAW.

The United States incorporates by reference the law and argument in its previous responses, (*Doc. 207 and Doc. 209*), and notes several recent opinions explaining that because the *mens rea* requirement in *Ruan v. United States*, 142 S. Ct. 2370 (2022), is a subjective intent to issue unlawful prescriptions, the United States can prove subjective intent through circumstantial evidence and evidence of objective criteria upon which the jury can weigh the defendant's actions. *See United States v. Hofschulz*, __ F.4th __, 2024 WL 3158526 (7th Cir. June 25, 2024); *United States v. Stanton M.D.,* 103 F.4th 1204 (6th Cir. 2024); *United States v. Lamartiniere,* 100 F.4th 625 (5th Cir. 2024); *United States v. Cristobal,* 2024 WL 1506750 (2d. Cir. April 8, 2024) (unreported).

In *Hofschulz*, the Seventh Circuit found the Court's jury instructions under *Ruan* were sufficient and not an abuse of discretion, and it also found that evidence of the medical professionals' standard of care was properly admitted and considered by the jury. *Hofschulz*, 2024 WL 3158526 at *6-7. As in PARKER's case, the medical expert in *Hofschulz* testified about the medical standard of care in relation to the "usual course of professional practice" and "legitimate

medical purpose." *Id*. at *6.

In *Cristobal*, the Second Circuit found that the medical expert's testimony about New York state regulations was admissible as a basis to evaluate the defendant's conduct and intent. *Cristobal,* 2024 WL 1506750 at *3. The Second Circuit explained that "Dr. Gharibo did not 'suggest to the jury that it could find [Cristobal] guilty simply by reason of [her] violation of the regulation'". *Id.* In the jury instructions, "[t]he district court went on to define the terms 'legitimate medical purpose' and 'usual course of professional practice' to mean 'acting in accordance with a standard of medical practice generally recognized and accepted in the State of New York.'" *Id.* at *4. This instruction is identical to the instruction given in PARKER's case. The Second Circuit found, "no error, let alone plain error, in the district court's instructions discussing these objective criteria by reference to the medical practice standards of New York, the state in which Cristobal was licensed to practice." *Id.*

The Arkansas Intractable Pain Act and the corresponding Arkansas State Medical Regulations referenced in the Court's jury instruction were objective criteria that the jury was instructed they could consider when determining whether PARKER knowingly and intentionally issued unlawful prescriptions. To the extent PARKER's argument is premised on the idea that he was convicted of a federal offense solely based on alleged violations of state medical regulations, his argument fails. The state regulations were one piece of evidence for the jury to consider in determining whether PARKER acted with a legitimate medical purpose in the usual course of professional practice when issuing the prescriptions charged in the indictment. PARKER has failed to demonstrate that Jury Instruction 6 is an incorrect statement of the law, and PARKER's former counsel was not ineffective for not raising an objection to it at trial.

WHEREFORE, the United States respectfully requests that PARKER's motion for new trial (*Doc. 206*) be dismissed or, alternatively, denied, and that the case be set for sentencing.

                                              DAVID CLAY FOWLKES
                                              UNITED STATES ATTORNEY

                                              By: /s/ Anne E. Gardner
                                              ANNE E. GARDNER
                                              Special Assistant United States Attorney
                                              P.O. Box 1229
                                              Little Rock, Arkansas 72203
                                              (501) 340-2600
                                              Anne.Gardner2@usdoj.gov