IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              Case No. 4:19-cr-40018

LONNIE JOSEPH PARKER                                        DEFENDANT

## ORDER

Before the Court is Defendant Lonnie Joseph Parker's Motion for New Trial *Pursuant to Fed. R. Crim. P. 33*. ECF No. 206. The government has responded. ECF No. 207. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On October 28, 2022, a jury returned a guilty verdict against Defendant on two counts of distribution of a Schedule II controlled substance without an effective prescription, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and two counts of distribution of a Schedule V controlled substance without an effective prescription, in violation of 21 U.S.C. § 841(a)(1), (b)(3).

On March 3, 2023, Defendant filed a Motion for New Trial arguing that new evidence, in the form of 2022 Centers for Disease Control and Prevention (CDC) Guidelines released after the conclusion of Defendant's trial, warranted a new trial. ECF No. 196. On May 15, 2023, the Court denied Defendant's Motion for New Trial. ECF No. 203. On June 27, 2023, Defendant substituted Ronald W. Chapman II as counsel of record in place of his previous attorneys, Jeffrey M. Rosenzweig and Peter Drake Mann. ECF No. 204.

On August 10, 2023, Defendant filed another Motion for New Trial *Pursuant to Fed. R. Crim. P. 33*. ECF No. 206. Defendant asserts that the Court should permit Defendant's untimely Federal Rule of Criminal Procedure 33 Motion due to excusable neglect, namely the ineffective

assistance of prior counsel.  *See id.*  Defendant argues that a new trial is warranted because a jury instruction was given in error at Defendant's trial, and Defendant's former counsel was ineffective for failing to object to that jury instruction and for failing to timely file a motion under Rule 33 regarding the instruction.  *Id.*  Specifically, Defendant takes issue with Jury Instruction Number Six (6), which Defendant argues incorrectly permitted "conviction for violation of the State of Arkansas prescribing criteria."[1]  *Id.* at 6; *see also* ECF No. 107, p. 6.  Jury Instruction Number Six (6) provides:

> Counts One through Five charge the defendant with the unauthorized distribution of a Schedule II controlled substance (oxycodone) and a Schedule V controlled substance (promethazine with codeine solution).  These crimes have three essential elements, which are:
>
>> *One*, the defendant knowingly or intentionally distributed the controlled substance on or about the date charged;
>>
>> *Two*, the defendant knew at the time of distribution that the oxycodone or the promethazine with codeine solution was a controlled substance; and
>>
>> *Three*, the defendant knowingly or intentionally distributed the substance without a legitimate medical purpose outside the usual course of professional practice.
>
> Now I will provide more detailed instructions on these terms.  You are instructed that:
>
>> (A) Oxycodone is a Schedule II controlled substance within the meaning of the law.  Promethazine with codeine solution is a Schedule V controlled substance within the meaning of the law.
>>
>> (B) The term "distribute" means the delivery or transfer of a controlled substance.  This term includes the writing or issuing of a prescription.
>>
>> (C) The term "intentionally" means that the act was done deliberately.

---

[1] While Defendant argues that trial counsel was ineffective for failing to object to this jury instruction, Defendant admits that Defendant's counsel has not yet received transcripts of the charge conference, and "has not been able to ascertain whether Defendant's counsel objected to Jury Instruction Number Six (6)."  *See* ECF No. 206, n.1.  Transcripts from this trial are not presently available to either party, as they have not yet been completed.  However, Defendant still asserts that because trial counsel did not specifically file a Rule 33 motion objecting to the jury instruction, he was ineffective.  *Id.*

(D) The term "knowingly" means that the individual understands the nature of his conduct and has not acted through ignorance, mistake, or accident.

(E) The terms "legitimate medical purpose" and "usual course of professional practice" mean acting in accordance with appropriate criteria for prescribing controlled substances in the State of Arkansas. You have heard testimony about what constitutes the usual course of professional practice and legitimate medical purpose for the prescription of controlled substances in the State of Arkansas, and you are to weigh that evidence in the same way that you would weigh any other evidence in this case.

In considering whether the defendant issued a prescription without a legitimate medical purpose and not in the usual course of professional practice, you may consider all the defendant's actions and the circumstances surrounding them.

For you to find the defendant guilty, the government must prove beyond a reasonable doubt that, at the time he issued the controlled substance prescription, he knew that he was acting or he intended to act without a legitimate medical purpose and outside the usual course of professional practice.

If you unanimously find that the government has proven each of these elements beyond a reasonable doubt as to each of the counts charged in Counts One through Five, then you must find the defendant guilty of the crime charged in that particular count. Record your determination on the Verdict Forms, which will be submitted to you with these instructions.

Source: 8th Cir. Model Crim. Jury Instr. § 6.21.841B (2018); *United States v. Katz*, 445 F.3d 1023, 1028 (8th Cir. 2006).

ECF No. 107, p. 6. Defendant takes issue with the language "the terms 'legitimate medical purpose' and 'usual course of professional practice' mean acting in accordance with appropriate criteria for prescribing controlled substances in the State of Arkansas." *Id.* He claims that it was error for the terms to be based on state standards as opposed to national standards. Defendant cites to *Ruan v. United States*, 597 U.S. 450, 142 S. Ct. 2370, 213 L. Ed. 2d 706 (2022), to support his notion that "knowledge" can be proven by "circumstantial evidence," not "direct evidence of a state standard." ECF No. 206, p. 11. Further, he argues, had the jury not been confined to this

state standard in the jury instruction, they may not have found the Defendant guilty.  Thus, a new trial is warranted.

Defendant requests that the Court address Defendant's ineffective-assistance-of-counsel claim now, instead of first going through a direct appeal then to a 28 U.S.C. § 2255 proceeding in order to save the parties' time and expense of going through a collateral proceeding.  Further, Defendant states, "should a new trial be granted [pursuant to a 28 U.S.C. § 2255 proceeding], both parties would be prejudiced given the age of the case and the failing memories of witness."  ECF No. 206, p. 2.

## II. DISCUSSION

Federal Rule of Criminal Procedure 33 provides that "[u]pon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "Any motion for a new trial founded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)2.  "When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . after the time expires if the party failed to act because of excusable neglect."  Fed R. Crim. P. 45(b)(1)(B).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court of the United States set out four factors to be considered when determining if a late filing is due to excusable neglect: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  *United States v. Boesen*, 599 F.3d 874, 879 (8th Cir. 2010) (cleaned up); *see Stutson v. United States,* 516 U.S. 193, 196-

98, 116 S. Ct. 600, 133 L. Ed. 2d 571 (1996) (holding that *Pioneer* applies to criminal cases). "The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003). "While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *Id.*

Defendant argues that the first *Pioneer* factor, danger of unfair prejudice to the opposing party, cuts both ways. ECF No. 206, p. 3. Defendant recognizes that courts ordinarily review ineffective-assistance-of-counsel claims pursuant to a 28 U.S.C. § 2255 proceeding. *See United States v. McAdory*, 501 F.3d 868, 972-73 (8th Cir. 2007). However, he asserts that because his ineffective-assistance-of-counsel claim will either be reviewed now or later at a § 2255 proceeding, a full review of his claim now favors finality in this case. ECF No. 206, p. 3. Defendant argues that neither party would be prejudiced by a swift review pursuant to Rule 33. *Id.* The government argues that there "is real danger of prejudice to the United States, considering that there has already been a lengthy trial that encompassed vast amounts of evidence and a large number of witnesses." ECF No. 207, p. 3. The Court acknowledges that this matter has been pending before the Court for an extended period of time but notes that a vast amount of delay in this case is due to Defendant's own requests. *See* ECF Nos. 22, 24, 26 (motions to continue trial by Defendant). The Court finds that this factor weighs slightly in favor of denying defendant's untimely request for a motion for new trial based on excusable neglect. *See United States v. Long*, 2012 WL 1190254, at *2 (D.S.D. Apr. 9, 2012), *aff'd*, 721 F.3d 920 (8th Cir. 2013) (finding that the first *Pioneer* factor weighed in favor of denying a defendant's request for new trial based on excusable neglect where the majority of the delay in the case was due to defendant's own requests); *see also Boesen*, 599 F.3d at 879 (finding that it was not error for the district court to find prejudice to the government

5

under the first factor of *Pioneer* because the delay could cause witnesses to "become unavailable and memories [to] fade").

The Court now turns to the second *Pioneer* factor, length of delay and its potential impact on judicial proceedings. Defendant argues that this factor cuts in his favor because he "retained new counsel who recognized the untimely filing and wishes to fully exhaust Defendant's right to effective assistance of counsel and a full review of the issues in this case." ECF No. 206, p. 3. The government asserts that "the delay has the potential to impact judicial proceedings, in that possibly granting a new trial several months after the prior trial was completed would consume a large share of judicial resources, particularly considering the length and complexity of the first trial." ECF No. 207, p. 3. Defendant's motion is almost nine (9) months late. *See Boesen*, 599 F.3d at 879. The Court finds that this factor cuts against granting a motion for new trial.

The third factor, the reason for the delay, including whether it was within the reasonable control of the movant, is the most important factor in this analysis. Defendant contends the reason for the delay was the ineffective assistance of his trial counsel. ECF No. 206, p. 3-4. Separating Defendant from previous counsel, Defendant argues that he "was not advised of his right to file a timely motion for a new trial . . . and was not informed by prior counsel that counsel had missed the deadline and elected to pursue an alternative and unsuccessful new theory" (the 2022 CDC guidelines as "new evidence"). *Id.* Specifically, Defendant asserts that his trial counsel was ineffective "for failing to seek a new trial and for failing to object to Jury Instruction Number Six (6)." *Id.* at 6. The government argues that trial counsel's assistance was not ineffective and that his "failure to file the instant motion within the time period set forth in Rule 33 was not the product of neglect, but was most likely due to a recognition that the bases asserted in the motion lack credence." ECF No. 207, p. 3.

6

To show ineffective assistance of counsel, Defendant must establish both that (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) that counsel's failure prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). However, before addressing the merits of Defendant's ineffective-assistance-of-counsel claim, the Court must first determine whether his claim is ripe for determination.

"Ineffective-assistance-of-counsel claims . . . are 'generally not a basis for direct appeal and instead should be properly raised in a 28 U.S.C. § 2255 action.'" *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006) (quoting *United States v. Soriano–Hernandez,* 310 F.3d 1099, 1105 (8th Cir. 2002)). Courts "consider such arguments on direct appeal only where the record has been fully developed, where counsel's ineffectiveness is readily apparent, or where to delay consideration of the claim would lead to a plain miscarriage of justice." *Davis*, 452 F.3d at 994 (citing *United States v. Cook,* 356 F.3d 913, 919-20 (8th Cir. 2004)). The Court finds that no such exceptional circumstance exists here.

Defendant asserts that the Court can find support from a South Dakota District Court case in determining that it is appropriate to find excusable neglect and address Defendant's ineffective-assistance-of-counsel claim now. *See United States v. Long*, 2012 WL 1190254 (D.S.D. Apr. 9, 2012), *aff'd*, 721 F.3d 920 (8th Cir. 2013). In *Long*, the court evaluated Defendant's post-trial ineffective-assistance-of-counsel claim finding that it was appropriate to address the claim pursuant to Rule 33 where the court "had the full transcript available for review," and had "ordered further briefing on the issue of excusable neglect, ineffective assistance of counsel, and whether

or not" the defendant's rights had been violated. *Id.* at *5. The same cannot be said for the present case.

The trial transcript in the present case is currently not available for review by either party and such review is pertinent to Defendant's ineffective-assistance-of-counsel claim. The Court does not find trial counsel's performance *obviously* deficient, especially without a fully developed record. Accordingly, the Court finds that Defendant's ineffective-assistance-of-counsel claim is not yet ripe for consideration and is more appropriately considered pursuant to a collateral 28 U.S.C. § 2255 proceeding. *See United States v. Mugan*, 441 F.3d 622, 631 (8th Cir. 2006) (finding where no factual record had been developed to support the claim, the claim was "best reviewed in collateral proceedings"); *see also United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) ("A properly developed record for purposes of determining a claim of ineffective assistance of counsel would include cross-examination by [a defendant] of his counsel on the question of what advice counsel gave him."); *see also Davis*, 452 F.3d at 994 (finding the record "not developed at all," and consequently deferring to § 2255 proceedings to address defendant's ineffective-assistance-of-counsel claim); *see also Cook*, 356 F.3d at 919-20 (refusing to address defendant's ineffective-assistance-of-counsel claims on direct appeal and finding his claims were "better left to a proceeding under 28 U.S.C. § 2255 proceeding" where there was an undeveloped factual record and adding to the list of circumstances in which it is proper to consider an ineffective-assistance claim without waiting for collateral review those situations in which counsel's ineffectiveness was "readily apparent or obviously deficient").

Without a fully developed record, the Court finds that Defendant's ineffective-assistance-of-counsel claim is not yet ripe. As such, the Court cannot find whether the reason for the delay

in filing an untimely motion for new trial weighs in favor of Defendant or the government.[2] Defendant's ineffective-assistance-of-counsel claim is more properly raised in a separate motion under 28 U.S.C. § 2255.  Consequently, Defendant's Motion for New Trial *Pursuant to Fed. R. Crim. P. 33* (ECF No. 206) should be denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons, Defendant's Motion for a New Trial *Pursuant to Fed. R. Crim. P. 33* (ECF No. 206) is hereby **DENIED**.

**IT IS SO ORDERED**, this 10th day of July, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] Regarding the fourth *Pioneer* factor, the government does not argue and the Court does not find that Defendant acted in bad faith in filing his untimely motion for new trial.