IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 4:19-CR-40018-001 |
| ) | |
| ) | |
| LONNIE JOSEPH PARKER ) | |

**UNITED STATES SUPPLEMENTAL SENTENCING MEMORANDUM**

Comes now the United States of America, by and through David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and Anne E. Gardner, Special Assistant United States Attorney, for its Supplemental Sentencing Memorandum states as follows:

**I.   ISSUE**

On March 6, 2023, the United States filed a Sentencing Memorandum (*Doc. 197*) and on March 10, 2023, the United States filed a Response to the Defendant's Sentencing Memorandum (*Doc. 200*). The United States incorporates by reference herein the law and arguments set out in these filings, as well as submits updated law and argument, including a correction to the referenced sentencing Guidelines range.

**II.   BACKGROUND**

On October 28, 2022, following a seven-day jury trial, the defendant, Dr. Lonnie Joseph Parker (Parker), was found guilty of prescribing Schedule II and V controlled substances outside the usual course of professional practice and without a legitimate medical purpose. The conviction involved two counts of prescribing oxycodone and two counts of prescribing promethazine with codeine solution. The United States submits that the Guidelines range is 87-108 months. The Guidelines range is calculated using Schedule II and V controlled substances prescribed under

1

each count of conviction, as well as relevant conduct in the offense. The two-level enhancement for abuse of a position of trust should be applied, and the two-level reduction for acceptance of responsibility requested by the defendant should be denied. The United States asserts that a sentence within the Guidelines range is appropriate and meets the sentencing requirements of Title 18, United States Code, Sections 3553(a) and (b).

### III.     WITNESS TESTIMONY

The recommended sentence is contested. If the Court desires testimony on the disputed issues, the United States estimates that it will need approximately 20 minutes in addition to any time requested by the defense.

### IV.     GUIDELINES CALCULATION

#### A. Base Offense Level

The United States submits the calculations as follows:

Crabtree:
  90 Ketamine Units prescribed (see Ex 12 attached) = 90 grams
  150 Hydrocodone 10/325 (10mg hydro)
    150 x 10 = 1500 / 1000 = 1.5 g x 6700 = 10,050 grams
  150 Oxycodone 30mg
    150 x 30 = 4500 / 1000 = 4.5 x 6700 = 30,150 grams
  90 Diazapam 10 mg = 5.625 grams

Thomas:
7,980ml promethazine with codeine solution = 7,980 grams Schedule V
  7,980 x .00625 = 49.8 grams

Jones
5,880ml promethazine with codeine solution = 5,880 grams Schedule V
  5,880 x .00625 = 36.75 grams

Holley:
210 Oxycodone 20mg
  210 x 20 = 4,200 / 1000 = 4.2 x 6700 = 28,140 grams
2,100 Oxycodone 30mg
  2100 x 30 = 63,000 / 1000 = 63 x 6700 = 422,100 grams
240 Oxycodone 40mg
  240 x 40 = 3,000 / 1000 = 3 x 6700 = 20,100 grams

150 Hysingla 20mg
 150 x 20 = 4800 / 1000 = 4.8 x 6700 = 32,160 grams
480 Oxycodone 10mg & Oxycodone/Acetaminophen 10/325mg
 480 x 10 = 4,800 / 1000 = 4.8 x 6700 = 32,160 grams

Total CDW = 638,692 grams = 639 kilograms (Level 26)

  The United States submits that relevant conduct for the convictions pertaining to Thomas, Jones, and Holley was correctly calculated using the totality of the prescribing by Parker to each of these patients. As to Mr. Crabtree, the United States submits that the evidence at trial showed a pattern of dependence on opioid drugs including hydrocodone and oxycodone for at least six months prior to Mr. Crabtree's death on August 4, 2018. The amount of hydrocodone 10/325 mg prescribed by the defendant during the preceding six-month period was 900 tablets, which is 60,300 grams of converted drug weight, and the amount of oxycodone 30 mg prescribed by the defendant during the preceding six- month period was 1025 tablets, which is 206,025 grams of converted drug weight. Inclusion of the relevant conduct for Mr. Crabtree would increase the CDW to 905 kg and increase the base offense level by 2, resulting in a base offense level 28.

  B. <u>Abuse of Trust or Specialized Skill</u>

  The United States submits that the application of this enhancement is correct. Parker's occupation as a physician places him in a unique category of offenders who have an obligation to act according to ethical and moral obligations due to licensure or a specialized skill. The Sentencing Guidelines provide for an enhancement under section 3B1.3. *See e.g., United States v. Godofsky,* 943 F.3d 1011, 1029 (6th Cir. 2019) (abrogated on other grounds) (focusing on defendant's special skill as a physician); *United States v. Shaker*, 827 Fed.Appx. 204 (3rd Cir. 2020) (unreported); *Marchetta v. United States*, 2020 WL 1876326 (April 15, 2020) (unreported).

  As a physician, Parker held a position of trust in the community. He was licensed by the Arkansas Medical Board and the Drug Enforcement Administration to issue prescriptions for

3

controlled substances, including opioid medications. As a physician, Parker had an inherent duty to "do no harm." However, Parker abused this position of trust by using his prescriptive authority for personal gain, rather than for the benefit of patients. In doing so, Parker used his position of trust to facilitate the crime for which he was found guilty, distribution of a controlled substance outside the usual course of professional practice and without legitimate purpose. Therefore, the enhancement for abuse of trust and special skill is appropriately applied.

    C.  Acceptance of Responsibility

Application Notes to Guidelines Section 3E1.1, Note 2 provides:

> "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."

The jury's verdict was that the defendant knowingly and intentionally issued prescriptions without a legitimate medical purpose. The defendant's testimony that he issued the prescriptions for completely lawful purposes is not acceptance of responsibility and is in conflict with the jury's verdict. Further, the defendant continues to contend he was justified in writing the prescriptions and has shown no remorse. *See Godofsky* at 1029-1030 (upholding court's denial of acceptance of responsibility where the defendant went to trial solely to challenge his factual guilt). Therefore, the reduction for acceptance should not be applied.

    D.    Title 18, United States Code, Section 3553(a)(1)-(7), (b)(1), and Sentencing Guidelines Recommendations

Title 18, United States Code, Section 3553(a)(1) provides that the Court "shall consider – the nature and circumstances of the offense and the characteristics of the offender." Sentencing Guidelines Section 5K2.1 provides for an upward departure from the Guidelines range if death resulted from the defendant's criminal conduct. *See, United States v. Bollinger*, 893 F.3d 1123 (8th Cir. 2018) (affirming upward departure to 130-month sentence where distribution of heroin caused

death). The United States recognizes that the jury did not find beyond a reasonable doubt that Parker caused the death of Noel Crabtree. However, where a court finds that the Guidelines do not adequately consider the situation where a death results from conduct related to the offense of conviction, an upward departure may be given. *See United States v. Lilly*, 56 F.Supp.2d 856, 857 (W.D. Mich. 1999) (citing, *United States v. Purchess,* 107 F.3d 1261, 1271 (7th Cir. 1997), and *United States v. Ihegworo,* 959 F.2d 26, 30 (5th Cir. 1992), explaining that, "[a]t least two circuits have affirmed upward departures under *§ 5K2.1* for a death caused by conduct related to the offense of conviction when the offense of conviction does not itself establish that death resulted from use of the controlled substance."); *See also*, *United States v. Sanders,* 982 F.2d 4, 10 (1st Cir. 1992) (per curiam); *United States v. Shields,* 939 F.2d 780, 782 (9th Cir. 1991); *United States v. Kim,* 896 F.2d 678, 684 (2d Cir. 1990) (holding that upward departures may be based on related conduct and need not be limited to the offense of conviction).

Although the United States is seeking a sentence within the Guidelines range and is not seeking an upward departure under Sentencing Guidelines section 5K2.1 based on the facts surrounding the death of Noel Crabtree, under Title 18, United States Code, Section 3553(a)(1), the consequences of Parker's criminal conduct are an important factor to be weighed by the Court. In this case, the consequences of Parker's actions could not be greater. Parker prescribed unusually high dosages and high pill count prescriptions for oxycodone, hydrocodone and other controlled substances, leading to patient addiction and overdose. Parker, as a physician, was required to issue prescriptions within the usual course of professional practice and for a legitimate medical purpose. However, as shown in the files reviewed by the United States expert, Dr. Rubenstein, Parker failed to do adequate medical examinations, failed to discuss alternative therapies, and issued absurdly high levels of opioid prescriptions as a matter of course to patients. Parker was known in the

community as "Dr. Feelgood" and employees of the clinic were aware that patients were drug seeking, evidenced by the memes displayed in the office that made light of drug seeking behaviors. Correspondence from drug companies to Parker warned him that his prescribing practices were unsafe. Parker failed to operate his clinic to help patients, but rather deliberately fed patients' addictions for his personal financial benefit. Parker's failure to operate the clinic within the bounds of professional practice places fault on Parker for patients' additions, risk of overdose, and risk of death. *See, United States v. Webb*, 655 F.3d 1238 (11th Cir. 2011) (affirming healthcare fraud defendant's enhanced sentence for patients' deaths); *see also, United States v. McIntosh*, 236 F.3d 968, 972 (8th Cir. 2001) (concluding the enhanced statutory penalty for distribution of a controlled substance causing death under Title 21, United States Code, Section 841(a)(1) and (b)(1) is a strict liability enhancement, not having a foreseeability or proximate cause requirement). In comparison, a street-level heroin dealer who sells a hit of heroin to a customer who is an addict and who overdoses and dies faces a higher Guidelines range than Parker. This is true even if the heroin dealer did not intend the heroin to be lethal. Parker is just as liable for his patients' addictions and Noel Crabtree's risk of death, and in fact is more culpable, because as a physician, he should have known the dire consequences of his actions and he had an ethical duty to do no harm. Therefore, Parker's deliberate conduct is an aggravating factor to be considered in sentencing.

Under United States Code, Sections 3553(a)(1) and (2), in addition to considering the nature and circumstances of the offense and the history and characteristics of the defendant, as discussed above, the Court considers the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, . . .[and] to afford adequate deterrence to criminal conduct." U.S.S.G. § 3553(a)(2)(A), (B) (2022). The United States submits that the seriousness of Parker's offense and the need to provide just

6

punishment and deter other medical professionals from engaging in similar conduct warrants a Guidelines sentence.

The Guidelines range is 87-108 months' imprisonment. United States Code, Section 3553(b)(1) instructs that the "court shall impose a sentence of the kind, and within the [Guidelines'] range, unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 3553(b)(1) (2022). The ongoing nature of Parker's crime over a two-year period and his abuse of a position of trust outweighs any request for a departure or variance in sentence. The United States submits that the Guidelines range accounts for the seriousness of Parker's conduct, while also accounting for his criminal history.

E.    Request for Custody at the Time of Sentencing

The defendant was convicted of multiple counts under Title 21, United States Code, Section 841(a)(1) and (b)(1)(C). The statute requires mandatory detention upon conviction. The Court allowed the defendant to remain on bond pending sentencing, and the United States did not object. The defendant has been on bond nearly 21 months. At the time he was released, the Court advised the defendant that if a sentence of incarceration is imposed, he should be prepared to go into custody at the time of sentencing.

Therefore, the United States requests the defendant be remanded to custody upon the imposition of a sentence of incarceration. The United States submits that the defendant has had ample time to get his affairs in order, and that there is no substantial question of law or fact likely to result in the reversal of his conviction, a new trial, or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process. The United States submits that

7

this defendant is no differently situated than other defendants convicted under Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), and that he should not receive extraordinary consideration of being released pending appeal.

## CONCLUSION

WHEREFORE, for the reasons and authority set forth above, the United States respectfully requests a Guidelines sentence that is sufficient, but not greater than necessary, to account for the seriousness of Parker's offense to the community and Parker's abuse of his position of trust. Further, pursuant to Title 18, United States Code, Section 3143(a), the United States respectfully requests that Parker be taken into custody immediately following sentencing.

Respectfully submitted,

DAVID CLAY FOWLKES
United States Attorney

/S/ ANNE E. GARDNER
NO. 2023055
Special Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
Anne.Gardner2@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on July 23, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Files (CM/ECF) system, which shall send electronic notification of such filing to opposing counsel of record.

/S/ ANNE E. GARDNER