IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.  ) | Case No. 4:19-CR-40018-001 |
| ) | |
| ) | |
| LONNIE JOSEPH PARKER ) | |

**UNITED STATES CORRECTED SUPPLEMENTAL SENTENCING MEMORANDUM**

Comes now the United States of America, by and through David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and Anne E. Gardner, Special Assistant United States Attorney, for its Corrected Supplemental Sentencing Memorandum states as follows:

**I.      ISSUE**

On March 6, 2023, the United States filed a Sentencing Memorandum (*Doc. 197*) and on March 10, 2023, the United States filed a Response to the Defendant's Sentencing Memorandum (*Doc. 200*). The United States incorporates by reference herein the law and arguments set out in these filings, as well as submits updated law and argument, including *a correction to the referenced sentencing Guidelines range.*

**II.     BACKGROUND**

On October 28, 2022, following a seven-day jury trial, the defendant, Dr. Lonnie Joseph Parker (Parker), was found guilty of prescribing Schedule II and V controlled substances outside the usual course of professional practice and without a legitimate medical purpose. The conviction involved two counts of prescribing oxycodone and two counts of prescribing promethazine with codeine solution. The United States submits that the Guidelines range is **108-135 months.** The Guidelines range is calculated using Schedule II and V controlled substances prescribed under

each count of conviction, as well as relevant conduct in the offense. The two-level enhancement for abuse of a position of trust should be applied, and the two-level reduction for acceptance of responsibility requested by the defendant should be denied. The United States asserts that a sentence within the Guidelines range is appropriate and meets the sentencing requirements of Title 18, United States Code, Sections 3553(a) and (b).

### III.   WITNESS TESTIMONY

The recommended sentence is contested. If the Court desires testimony on the disputed issues, the United States estimates that it will need approximately 20 minutes in addition to any time requested by the defense.

### IV.   GUIDELINES CALCULATION

A. Base Offense Level

The United States submits the calculations as follows:

Crabtree:
 90 Ketamine Units prescribed (see Ex 12 attached) = 90 grams
 150 Hydrocodone 10/325 (10mg hydro)
  150 x 10 = 1500 / 1000 = 1.5 g x 6700 = 10,050 grams
 150 Oxycodone 30mg
  150 x 30 = 4500 / 1000 = 4.5 x 6700 = 30,150 grams
 90 Diazapam 10 mg = 5.625 grams

Thomas:
7,980ml promethazine with codeine solution = 7,980 grams Schedule V
 7,980 x .00625 = 49.8 grams

Jones
5,880ml promethazine with codeine solution = 5,880 grams Schedule V
 5,880 x .00625 = 36.75 grams

Holley:
210 Oxycodone 20mg
 210 x 20 = 4,200 / 1000 = 4.2 x 6700 = 28,140 grams
2,100 Oxycodone 30mg
 2100 x 30 = 63,000 / 1000 = 63 x 6700 = 422,100 grams
240 Oxycodone 40mg
 240 x 40 = 3,000 / 1000 = 3 x 6700 = 20,100 grams

150 Hysingla 20mg
  150 x 20 = 4800 / 1000 = 4.8 x 6700 = 32,160 grams
360 Oxycodone 10mg & Oxycodone/Acetaminophen 10/325mg
  360 x 10 = 3,600 / 1000 = 3.6 x 6700 = 24,120 grams

Total CDW = 599,612 grams = 600 kilograms (Level 26)

  The United States submits that relative to the conviction on Count 1 for Noel Crabtree, the evidence at trial showed a pattern of dependence on opioid drugs including hydrocodone and oxycodone for at least six months prior to Mr. Crabtree's death on August 4, 2018. The amount of hydrocodone 10/325 mg prescribed by the defendant during the preceding six-month period was 900 tablets, which is 60,300 grams (60.3 kg) of converted drug weight, and the amount of oxycodone 30 mg prescribed by the defendant during the preceding six- month period was 1025 tablets, which is 206,025 grams (206 kg) of converted drug weight. Inclusion of the relevant conduct for Count 1 would increase the CDW to 866 kg and **increase the base offense level by 2, resulting in a base offense level 28.**

  B. <u>Abuse of Trust or Specialized Skill</u>

  The United States submits that the application of this enhancement is correct. Parker's occupation as a physician places him in a unique category of offenders who have an obligation to act according to ethical and moral obligations due to licensure or a specialized skill. The Sentencing Guidelines provide for an enhancement under section 3B1.3. *See e.g., United States v. Godofsky,* 943 F.3d 1011, 1029 (6th Cir. 2019) (abrogated on other grounds) (focusing on defendant's special skill as a physician); *United States v. Shaker*, 827 Fed.Appx. 204 (3rd Cir. 2020) (unreported); *Marchetta v. United States*, 2020 WL 1876326 (April 15, 2020) (unreported).

  As a physician, Parker held a position of trust in the community. He was licensed by the Arkansas Medical Board and the Drug Enforcement Administration to issue prescriptions for controlled substances, including opioid medications. As a physician, Parker had an inherent duty

to "do no harm." However, Parker abused this position of trust by using his prescriptive authority for personal gain, rather than for the benefit of patients. In doing so, Parker used his position of trust to facilitate the crime for which he was found guilty, distribution of a controlled substance outside the usual course of professional practice and without legitimate purpose. Therefore, the 2 level enhancement for abuse of trust and special skill is appropriately applied, resulting in a base offense **level 30.**

The Guidelines range is **108-135 months' imprisonment**. United States Code, Section 3553(b)(1) instructs that the "court shall impose a sentence of the kind, and within the [Guidelines'] range, unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. § 3553(b)(1) (2022). The ongoing nature of Parker's crime over a two-year period and his abuse of a position of trust outweighs any request for a departure or variance in sentence. The United States submits that the Guidelines range accounts for the seriousness of Parker's conduct, while also accounting for his criminal history.

## CONCLUSION

WHEREFORE, for the reasons and authority set forth above, the United States respectfully requests a Guidelines sentence that is sufficient, but not greater than necessary, to account for the seriousness of Parker's offense to the community and Parker's abuse of his position of trust. Further, pursuant to Title 18, United States Code, Section 3143(a), the United States respectfully requests that Parker be taken into custody immediately following sentencing.

Respectfully submitted,

DAVID CLAY FOWLKES
United States Attorney

/s/ Anne E. Gardner
No. 2023055
Special Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
Anne.Gardner2@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on August 21, 2024, a copy of the foregoing was electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Files (CM/ECF) system, which shall send electronic notification of such filing to opposing counsel of record.

/s/ Anne E. Gardner